1  Elmer Stewart Rhodes III, admitted Pro Hac Vice
   LAW OFFICE OF ELMER STEWART RHODES
2  432 E Idaho St., Suite C231
   Kalispell, Montana 59901
3  Tel: (406) 882-4242
   Fax: (406) 755-8335
4  Email: rhodeslegalwriting@gmail.com

5

6  *Attorney for Plaintiff*

7              **UNITED STATES DISTRICT COURT**

8                   **DISTRICT OF ARIZONA**

9   Jennifer Marie Jones,                    NO. 2:12-cv-01383-JAT

10                          Plaintiff,

11          v.                               **JOINT PROPOSED CASE
                                             MANAGEMENT REPORT**

12  Town of Quartzsite; Jeff Gilbert and
    Sondra Gayle Gilbert, husband and
13  wife; Officer Rick Paterson, #43, and
    Jane Doe Paterson, husband and wife;
14  Officer Fabiola Garcia, #42, and John
    Doe Garcia, husband and wife (or wife
15  and husband); Joe Winslow; Albert
    Johnson and Rhonda Johnson, husband
16  and wife; Alexandra Taft; Individual
    Does I-X,
17
                             Defendants.
18
           Pursuant to the Court's October 10, 2012 Order, the parties submit this Joint

19  Proposed Case Management Plan.

20
       1.    <u>NATURE OF THE CASE</u>
21
              **a.  Factual Basis**
22
                  <u>Plaintiff</u>:
23
           Plaintiff was arrested on June 28, 2011 while peaceably exercising her right to
24
    constitutionally protected free speech, during a time specifically set aside for public
25
    comment, after waiting for her turn to speak, and after being specifically and duly
26
    recognized to speak by Quartzsite Mayor Ed Foster, who, in response to actions taken by
27
    the police, repeatedly stated that she had the floor and had a right to speak.  Plaintiff was
28

not disorderly during the public meeting. Plaintiff was not threatening violence, or acting in any manner that threatened the safety of any individual, or threatened public safety, nor was she engaged in unprotected speech which posed an imminent danger of inciting violence. She was engaged in constitutionally protected political speech, voicing her opposition to policies and actions of the Town Council and Town employees. While speaking, Plaintiff removed the microphone from its stand and turned toward the audience, addressing the gathered townspeople as well as the Town Council. At no time was Plaintiff instructed to face the Town Council exclusively as she spoke or instructed to place the microphone back into its stand, or told to sit down. No member of the Town Council attempted to give such instruction, and neither did the presiding officer, Mayor Foster, as the Arizona Attorney General's Office noted in its investigation of Plaintiff's arrest. To the contrary, the presiding officer, Mayor Foster, told Plaintiff she may continue speaking. Plaintiff was arrested by defendants because of the content of her political speech, without probable cause that she had committed any criminal offense, in direct contradiction to the orders of Major Foster, who was presiding over the meeting, and who repeatedly instructed the police officers to let Plaintiff speak. Subsequently, the charges against Plaintiff stemming from this incident were dismissed.

Defendants:

Defendants arrested Plaintiff after she was disorderly during a public meeting of the Town of Quartzsite Town Council. Defendants' arrest of Plaintiff was based on probable cause and Defendants' actions were motivated by Plaintiff's conduct, not the content of her speech.

**b. Legal Basis**

Plaintiff:

    i. Plaintiff was engaged in political speech, which is at the very core of protected speech under the First Amendment. She was engaged in

that protected, core political speech during the time set aside under state law for public comment, thus lawfully exercising her right to free speech, assembly, and to petition government for a redress of grievances, after being duly recognized to speak by the presiding officer, Quartzsite Mayor Ed Foster.

ii. No probable cause existed for the arrest and charges brought against Plaintiff. The Arizona Attorney General's Office found that Plaintiff's removal from the podium had been in violation of the Arizona Open Meetings La (OML). In those findings, Assistant Attorney General Christopher A. Munns states that: "At no time did any Councilmember or staff member ask Ms. Jones to turn around or take her seat. Although her behavior may have irritated or offended members of the Council, the Council should not have removed Ms. Jones without first giving her a warning and an opportunity to cease her disruptive behavior. Accordingly, the foregoing incident violated the OML's requirement that the public be allowed to attend public meetings of the Council." The findings of the Attorney General's Office investigation support Plaintiff's argument that she was engaged in lawfully protected free speech, that she had never received any warning or instruction regarding her actions incidental to her speech, and that her removal from the podium was unlawful. At all times during Plaintiff's act of speaking at the podium, including after she had removed the microphone from its stand and turned toward the audience, Plaintiff was recognized to speak by presiding officer, Mayor Ed Foster, who repeatedly admonished the defendants that she had the floor, that he had made no rulings otherwise, and she had a right to speak.

iii. Defendants acted with malice and with the purpose of denying

3

Plaintiff a specific constitutional right, her right to free speech, assembly, and the right to petition government for a redress of grievances. Defendants removed and arrested Plaintiff without any attempt to instruct her to turn toward the Town Council or to replace the microphone in its stand while she spoke, and indeed without even articulating her supposed violations of the rules governing conduct at the podium, all in direct contradiction of the repeated rulings by the presiding officer, Mayor Foster, that Plaintiff had the floor and had a right to speak, and in direct contradiction to his instructions to Plaintiff that she may continue speaking.

iv. Defendants' actions in violation of Plaintiff's First Amendment rights of free speech and assembly were not viewpoint neutral. During the subsequent investigation by the Arizona Department of Public Safety, members of the Town Council admitted, in writing, that at no other time had anyone been forcibly removed from the podium simply for removing the microphone from the stand and turning toward the audience while they spoke. Only Mrs. Jones has been so treated. And that treatment of removal and arrest was carried out by Defendants after a ruling by the presiding officer, Mayor Foster, that Plaintiff had the floor and could continue, and thus her removal and arrest, in addition to not being content neutral, were also not done pursuant to the established rules presiding over the meeting, through the presiding officer, or pursuant to the State Open Meeting Law governing such meetings. The ruling by Mayor Foster that Plaintiff had the floor and could continue to speak was given after Plaintiff had removed the microphone and turned toward the audience, and that ruling was repeated, and accompanied by direct orders from the Mayor, to the police officers, to let Plaintiff speak. Defendants

4

ignored those rulings by the presiding officer, acted in direct violation of those rulings, and violated the State Open Meeting Law to remove Plaintiff and arrest her. As testified to by ten of the Chief of Police's own officers, there was an ongoing campaign of using the arrest powers of the police department to punish and chill the speech of political opponents of the Chief of Police and his friends on the Town Council and in the employ of the Town, not because of any desire to equally enforce the law, but simply because the Chief did not like the persons, and because of their political opposition to the Chief and his friends.

v. Defendants' actions were extreme and outrageous so as to inflict emotional harm on Plaintiff, and Defendants acted recklessly or with intend to inflict emotional harm. Moreover, Plaintiff suffered severe emotional distress. This arrest was but the latest in a pattern of false arrests and false charges against Plaintiff in response to her political activism and outspoken journalism which was critical of the Town Council and the Chief of Police, and in response to Plaintiff running for office in opposition to members of the Town Council who are political allies of the Chief of Police. As stated by the ten Quartzsite police officers in their written whistle-blower letter to the Town Council, Chief Gilbert " … orders officers to pull over and arrest/cite violations of citizens he feels are against him or he doesn't like. Not because they have committed a violation that he wants enforced equally, but because it is someone he doesn't like." There exists a clear pattern of intentional harassment and attempt to inflict upon Plaintiff the emotional harm and distress that goes along with false arrest, false charges, and false imprisonment. Plaintiff has been repeatedly arrested in front of other members of the community, in

5

humiliating fashion, including being unnecessarily forcibly removed from the public meeting in this case in such a reckless and excessive way as to cause serious injury to Plaintiff.

vi. All of the defendants are individually liable because they affirmatively acted, participated in another's affirmative acts, and/or omitted to perform an act which they were legally required to do and, as a result, caused the constitutional deprivation which Plaintiff alleges.

vii. Defendants did not adequately train and supervised their employees, and that deficiency in training and/or supervision was deliberately indifferent to and did cause the deprivation of Plaintiff's constitutional rights. Defendants were repeatedly warned that the Chief of Police was acting in violation of both state and federal law, and was unlawfully targeting people with false arrest and false charges out of animus for their political views and activism. Plaintiff was one of the most prominent opponents of the Defendants so targeted, to the point of even winning an award for her dogged and courageous reporting of the corruption in Quartzsite politics. And yet Defendants not only failed to cure those violations through discipline, supervision, or even to investigate them, but also directly participated in those violations of Plaintiff's rights. Defendants also directly ignored and violated the express and clear training, instruction, and advice provided to the Town Council and to the Chief of Police and his staff on October 14, 2010 by Attorney William Sims, instructor for the League of Cities and Towns. Mr. Sims specifically admonished the Defendants to not forcibly remove or arrest people for perceived violations of meeting rules during the Call to the Public time period, where the Mayor did not so order their removal, and

where the actions of the speaker did not constitute a threat to public safety or to the safety of any individual. Mr. Sims stressed the need to respect democracy and the rights of the people. That instruction and guidance was deliberately ignored by the Defendants who not only failed to properly instruct, supervise, and discipline Town employees according to the instruction given by Mr. Sims, but in fact directly violated it by ordering Plaintiff's arrest in direct contradiction of the rulings of presiding officer Mayor Foster that Plaintiff could speak, all in the absence of any threat to public safety by Plaintiff's actions of removing the microphone from its stand and turning to address the gathered citizens along with the Town Council.

viii.   Defendants are not entitled to qualified immunity in their individual capacities. *Pearson v. Callahan*, 555 U.S. 223 (2009).


Defendants:

i.   Plaintiff's First Amended Complaint fails to state a claim as to one or more claims.

ii.   Plaintiff's state claims are barred because she failed to comply with Arizona's notice of claim requirements. A.R.S. § 12-821.01.

iii.   Probable cause existed for the arrest and charges brought against Plaintiff, which defeats Plaintiff's claims for false arrest, and malicious prosecution, and retaliation. *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir. 1998); *Freeman v. City of Santa Ana*, 68 F.3d 1180 (9th Cir. 1995); *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006).

iv.   With respect to the charging of Plaintiff, Defendants did not act with malice and with the purpose of denying Plaintiff a specific constitutional right. *Freeman v. City of Santa Ana*, 68 F.3d 1180 (9th

7

Cir. 1995).

v.   Defendants' actions were substantially motivated as a response to Plaintiff's constitutionally protected conduct. *Nielander v. Board of County Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009); *Hartman v. Moore*, 547 U.S. 250 (2006).

vi.   Defendants' actions did not violate Plaintiff's First Amendment rights of free speech and assembly because a city council can regulate the time, place, and manner of speech so long as the regulation is viewpoint neutral, which it was here. *Norse v. City of Santa Cruz*, 629 F.3d 966 (9th Cir. 2010).

vii.   Defendants' actions were not extreme and outrageous so as to inflict emotional harm on Plaintiff, and Defendants did not act recklessly or intend to inflict emotional harm. Moreover, Plaintiff did not suffer severe emotional distress. *Ford v. Revlon*, 734 P.2d 580, 585 (Ariz. 1987).

viii.   One or more of the defendants are not individually liable because they did not affirmatively act, participate in another's affirmative acts, or omit to perform an act which they were legally required to do and, as a result, cause the constitutional deprivation which Plaintiff alleges. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1998).

ix.   Defendants adequately trained and supervised their employees, and any deficiency in training or supervision was not deliberately indifferent and did not cause the deprivation of any of plaintiff's constitutional rights. *Oviatt v. Pearce*, 954 F.2d 1470 (9th Cir. 1992).

x.   Defendants are entitled to qualified immunity in their individual capacities. *Pearson v. Callahan*, 555 U.S. 223 (2009).

2.   **JURISDICTIONAL BASIS OF THE CASE**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental

8

jurisdiction over the state law claims under 28 U.S.C. § 1367.

**3.  UNSERVED PARTIES**

The parties are unaware of any unserved parties.

**4.  PARTIES NOT SUBJECT TO COURT'S JURISDICTION.**

The parties are unaware of any parties that are not subject to the Court's jurisdiction.

**5.  WHETHER THE CASE IS SUITABLE FOR REFERENCE TO ARBITRATION, A SPECIAL MASTER, OR TO A UNITED STATES MAGISTRATE JUDGE.**

The parties do not believe this case is suitable for reference to arbitration or a special master, and do not consent to a trial before a United States Magistrate Judge.

**6.  STATUS OF RELATED CASES**

The parties are unaware of any related cases pending before other judges.

**7.  SUGGESTED CHANGES TO TIMING OR FORM OF INITIAL DISCLOSURE STATEMENTS**

The parties do not suggest any changes to the requirement of Rule 26(a), Fed. R. Civ. P. The parties will exchange initial disclosure statements on or before **January 7, 2012**.

**8.  PROPOSED DEADLINES**

    a.  **Motions to Amend the Pleadings**    **February 18, 2013**

    b.  **Plaintiff's expert disclosure**    **April 5, 2013**

       **Defendants' expert disclosure**    **May 3, 2013**

       **Rebuttal expert disclosure**    **May 24, 2013**

    c.  **Discovery**    **August 2, 2013**

    d.  **Dispositive motions**    **September 13, 2013**

    e.  Defendants will file any motions for summary judgment based on qualified immunity by the dispositive motion deadline.

**9.** **SUGGESTED CHANGES TO LIMITATIONS ON DISCOVERY**

The parties believe this case should be scheduled on the standard track. The parties agree to abide by the discovery limitations imposed by Rules 30, 31, 33, and 34, Fed. R. Civ. P.

**10.** **ESTIMATED DATE FOR AND LENGTH OF TRIAL**

The parties estimate that this case will be ready for trial on **October 4, 2013**. Trial is estimated to take 3-4 days.

**11.** **WHETHER A JURY TRIAL HAS BEEN REQUESTED**

Both parties have requested a jury trial.

**12.** **PROSPECTS FOR SETTLEMENT**

The parties are willing to participate in settlement negotiations but believe referral to a United States Magistrate Judge at this stage in the litigation would be premature and likely unproductive. Defendants believe settlement negotiations would be much more productive after at least some discovery has been done. At this time Defendants are unable to determine the probability of settlement.

**13.** **MODIFICATION OF PRETRIAL PROCEDURES**

The parties are unaware of any modifications to pretrial procedures or other matters that would aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

RESPECTFULLY SUBMITTED this 7th day of December, 2012.

LAW OFFICE OF ELMER STEWART RHODES

By /s/Elmer Stewart Rhodes III_____
   Elmer Stewart Rhodes III
   432 E Idaho St., Suite C231
   Kalispell, Montana 59901
   *Attorney for Plaintiff*

GRAIF, BARRETT & MATURA, P.C.

By /s/Lisa S. Wahlin

Lisa S. Wahlin
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2012, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, with a copy being sent by email to Lisa S. Wahlin, attorney for Defendants, at lwahlin@gbmlawpc.com, as well as to the following email addresses:

kmcelroy@gbmlawpc.com,
rruthenberg@gbmlawpc.com

By /s/Elmer Stewart Rhodes III_____