**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417
Telephone 602.440.4800
Fax 602.257.9582

Lisa S. Wahlin (Bar No. 013979)
lwahlin@rcalaw.com
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Town of Quartzsite; Jeff Gilbert and Sondra Gayle Gilbert, husband and wife; Officer Rick Paterson, #43, and Jane Doe Paterson, husband and wife; Officer Fabiola Garcia, #42, and John Doe Garcia, husband and wife (or wife and husband); Joe Winslow; Albert Johnson and Rhonda Johnson, husband and wife; Alexandra Taft; Individual Does I-X,<br><br>　　　　　Defendants. | Case No. 2:12-cv-01383-JAT<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendants Town of Quartzsite ("Town"), Gilbert, Paterson, Garcia, Winslow, Johnson, and Taft move for judgment on the pleadings. Plaintiff's Complaint contains mostly conclusory allegations. Plaintiff's relevant non-conclusory allegations do not set forth facts sufficient to plausibly suggest liability as to Plaintiff's First Amendment claims, state intentional infliction of emotional distress claim, and Defendants Town, Gilbert, Taft, Johnson, and Winslow. Defendants Garcia, Paterson and Gilbert are entitled to qualified immunity on Plaintiff's retaliatory arrest, false arrest, and malicious prosecution claims.

/ / /

/ / /

3297971.1
07/05/13

## I. BACKGROUND

On June 28, 2011, Plaintiff attended a Quartzsite Town Council meeting.[1] Defendants Gilbert, Paterson, Garcia, Winslow, Johnson, and Taft were also present.[2] During the call to the public, Plaintiff approached the microphone and was recognized by Mayor Ed Foster.[3] Plaintiff began to criticize the Town Council's decisions and actions.[4] Less than a minute into Plaintiff's speech, Defendant Winslow, a Town Council member, moved to have her removed from the meeting for violating procedures.[5] Defendant Winslow told Plaintiff that she could leave or be escorted out.[6]

Defendant Garcia, a police officer with the Quartzsite Police Department ("QPD"), approached Plaintiff and tried to remove the microphone from her hand.[7] Defendant Paterson, a QPD police officer, and Defendant Gilbert, Chief of QPD, also approached Plaintiff.[8] After numerous objections from the Mayor, Defendant Garcia released the microphone and moved away from Plaintiff.[9] During Plaintiff's contact with Defendant Garcia, Defendant Winslow was calling for a vote on his motion to remove Plaintiff from the meeting.[10]

After Defendant Garcia moved away, Plaintiff resumed her comments while Defendant Winslow and Mayor Foster argued about Defendant Winslow's motion.[11] Defendant Johnson, the Assistant Town Manager, gestured with his thumb to the officers.[12] Defendant Taft, the Town Manager, nodded to Defendant Gilbert after the

---

[1] Compl. (Doc. 1) at ¶ 19.
[2] *Id.* at ¶¶ 20-21.
[3] *Id.* at ¶¶ 23-25.
[4] *Id.* at ¶ 25.
[5] *Id.* at ¶ 26-28.
[6] *Id.* at ¶ 28.
[7] *Id.* at ¶ 29.
[8] *Id.*
[9] *Id.*
[10] *Id.* at ¶ 30.
[11] *Id.* at ¶ 31.
[12] *Id.* at ¶ 32.

Town Attorney stated that the Council had the right to make a motion and vote to remove Plaintiff.[13] Defendants Garcia, Paterson, and Gilbert approached Plaintiff a second time and removed the microphone from her hand.[14] Mayor Foster stated, "You are in violation of my rules of order, Chief."[15] Defendant Gilbert asked to be recognized but Mayor Foster responded, "No, I didn't recognize you. She's at the podium. She has the mike."[16]

Defendants Paterson and Garcia removed Plaintiff from the building and arrested her.[17] Plaintiff was charged with disorderly conduct but the charge was later dismissed.[18]

Plaintiff alleges a state claim of intentional infliction of emotional distress, and federal claims under 42 U.S.C. § 1983 for false arrest, retaliatory arrest, malicious prosecution, and municipal liability.

## II. PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM THAT IS PLAUSIBLE ON ITS FACE.

### A. Rule 12(c) Requires a Plaintiff to Allege Non-Conclusory Facts that Plausibly Suggest Liability.

Rule 12(c), Fed. R. Civ. P., is "functionally identical" to Rule 12(b)(6).[19] Consequently, the same legal standard applies to motions brought under either rule.[20] A complaint must meet Rule(8)(a)(2)'s requirement that it set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[21] Although a complaint does not need detailed factual allegations, it must provide more than "labels and conclusions;" a "formulaic recitation of the elements of a cause of action will not

---

[13] *Id.* at ¶ 33.
[14] *Id.* at ¶ 34.
[15] *Id.*
[16] *Id.*
[17] *Id.* at ¶¶ 34, 40.
[18] *Id.* at ¶ 41.
[19] *Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Systems*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).
[20] *Id.*
[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

do."[22] Rule 8(a)(2) requires a showing—rather than a blanket assertion—of entitlement to relief.[23]

To survive a motion to dismiss, or a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[24] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[25] Plausibility requires more than a sheer possibility that a defendant has acted unlawfully.[26] Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility.'"[27] Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient to establish plausibility.[28] Although the court must construe the facts alleged in the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true,[29] the court does not have to accept as true legal conclusions that are couched as factual allegations.[30]

When considering a motion to dismiss, a court should apply a two-pronged approach, first identifying the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory, and then assessing the non-conclusory factual allegations to determine if they plausibly suggest entitlement to relief.[31]

Here, the Complaint's relevant, non-conclusory factual allegations fail to state facially plausible claims for intentional infliction of emotional distress and violations of

---

[22] *Twombly*, 550 U.S. at 555.
[23] *Id.*
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[25] *Iqbal*, 556 U.S. at 678.
[26] *Id.*
[27] *Id.* (quoting *Twombly* at 557).
[28] *Id.*
[29] *See Schwartz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).
[30] *Papasan v. Allain*, 478 U.S. 265, 268 (1986).
[31] *Id.* at 679-681.

the First Amendment. It also fails to state a claim against Defendants Gilbert, Taft, Johnson, Winslow, and the Town of Quartzsite. And under the alleged facts, Defendants Garcia and Paterson are entitled to qualified immunity.

### B. Plaintiff's Relevant Non-Conclusory Allegations

The relevant non-conclusory allegations contained in Plaintiff's Complaint are summarized below.

| Paragraph | Allegation |
|---|---|
| 6 | **Defendant Gilbert** is Chief of the QPD. |
| 7 | **Defendant Paterson** is a police officer with the QPD who participated in Plaintiff's arrest. |
| 8 | **Defendant Garcia** is a police officer with the QPD who participated in Plaintiff's arrest |
| 9 | **Defendant Winslow** was a member of the Town Council. On June 28, 2011, he initiated a vote of the Council to have Plaintiff removed from a meeting while she was speaking during the call to the public. |
| 10 | **Defendant Johnson** was the Assistant Town Manager. After the vote to have Plaintiff removed from the meeting, he gestured with his thumb. |
| 11 | **Defendant Taft**, who was the Town Manager, nodded while Plaintiff was speaking during the call to the public. |
| 13 | On October 14, 2010, the Town Council underwent training from the League of Cities and Towns. **Defendant Gilbert** was cautioned about removing people from the podium and told that the Mayor decides when there is a violation of the open meeting laws. |
| 19-21 | Plaintiff and all Defendants were present at the June 28, 2011 Town Council meeting. |
| 23, 25 | During the call to the public, Plaintiff approached the microphone and, after being recognized by the Mayor, began criticizing the Town Council's decisions and actions. |
| 26-27 | **Defendant Winslow** made a motion to remove Plaintiff from the meeting, stating, "I make a motion that Mrs. Jones be removed from the duration of this meeting. All those in favor. . ." |
| 28 | **Defendant Winslow** asserted that Plaintiff had violated the procedures and told her, "You may leave, or you may be escorted out." |

- 5 -

| | | |
|---|---|---|
| 29 | **Defendant Garcia** approached Plaintiff and tried to remove the microphone from her hand**. Defendants Paterson and Gilbert** also approached Plaintiff. After objections from the Mayor, **Defendant Garcia** let go of Plaintiff and the microphone and she and **Defendants Paterson and Gilbert** backed away from Plaintiff. | |
| 30 | **Defendant Winslow** called for a vote, stating, "All those in favor, say "Aye." | |
| 31 | **Defendant Winslow** stated that, "The majority of this Council has moved that she be removed." | |
| 32 | **Defendant Johnson** gestured with his thumb. He later acknowledged that he had made the gesture to direct Chief Gilbert to remove Mrs. Jones from the podium. | |
| 33 | After the Town Attorney stated that the Council had the right to make the motion and vote to remove Plaintiff, **Defendant Taft** nodded. She later acknowledged that she nodded to the Chief to remove Plaintiff from the podium. | |
| 34 | **Defendants Garcia, Paterson and Gilbert** approached Plaintiff and removed the microphone from her hand. | |
| 34 | The Mayor told **Defendant Gilbert**, "You are in violation of my rules of order, Chief." **Defendant Gilbert** asked, "Will you let me speak?" Mayor Foster responded, "No, I didn't recognize you. She's at the podium. She has the mike." | |
| 34 | **Defendant Garcia** grabbed Plaintiff by the wrists and the Mayor told her she was in violation of his rules of order. | |
| 34 | **Defendants Paterson and Garcia** removed Plaintiff from the building. | |
| 35 | As Plaintiff was being removed from the meeting, **Defendant Winslow** stated, "Call for order." | |
| 40-41 | **Defendants Paterson and Garcia** arrested Plaintiff and charged her with disorderly conduct. The charge was later dismissed. | |

**C.** **Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress.**

To state a claim for intentional infliction of emotional distress, Plaintiff must have alleged facts to support an inference that: 1) Defendants' conduct was extreme and outrageous; (2) Defendants either intended to cause emotional distress or recklessly disregarded the near certainty that distress would result from the conduct; (3) the conduct

- 6 -

caused Plaintiff to suffer emotional distress; and (4) the emotional distress was severe.[32] The standard for "extreme and outrageous" conduct is high; it must be "beyond all possible bounds of decency," and "atrocious and utterly intolerable in a civilized community."[33]

Plaintiff's Complaint does not state a claim for intentional infliction of emotional distress. Plaintiff has not alleged even the elements of this claim, much less facts that would plausibly support liability. Plaintiff has not alleged that she suffered any emotional distress. And Defendants' alleged actions are not sufficiently outrageous to support this claim. Defendants are entitled to judgment in their favor on Count Six.

### D.     Plaintiff Has Failed to State a First Amendment Claim.

Plaintiff's Complaint includes two counts that are styled as First Amendment claims (Counts One and Three). But the general factual allegations, and the specific allegations outlined in support of these two counts, suggest that these counts are duplicative, and Plaintiff's claim is simply a First Amendment claim for retaliatory arrest/prosecution. But even if Plaintiff intended to assert two separate claims, her Complaint does not state a claim as to either.

To state a claim of retaliatory arrest/prosecution, Plaintiff must have alleged facts supporting a reasonable inference that: (1) Defendants arrested or prosecuted her without probable cause; (2) Defendants acted with the impermissible motive to interfere with her First Amendment rights; and (3) Defendants' conduct would chill a person of ordinary firmness from future First Amendment activities.[34] Plaintiff's Complaint does not allege facts that plausibly suggest liability for retaliatory arrest/prosecution.

First, Plaintiff has not alleged facts that would allow the Court to draw an inference that Defendants Winslow, Taft, or Johnson participated in her arrest. The

---

[32] *Lucchesi v. Stimmell*, 149 Ariz. 76, 78-79, 716 P.2d 1013, 1015-16 (Ariz. 1986) (citations omitted).
[33] *Ford v. Revlon*, 735 P.2d 580, 585 (Ariz. 1987).
[34] *Hartman v. Moore*, 547 U.S. 250 (2006); *Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008); and *Dowling v. Arpaio*, 858 F.Supp.2d 1063 (D.Ariz. 2012).

1  Complaint includes conclusory allegations that Defendant Winslow "caused"[35] her arrest,
2  and Defendants Taft and Johnson "contributed to" her arrest,[36] but does not contain any
3  facts to support these conclusions. Indeed, based on Plaintiff's allegations, none of these
4  Defendants was present when the arrest occurred. At most, the actions of these
5  defendants caused or contributed to her removal from the meeting, not her arrest.

6  Plaintiff also does not allege facts that plausibly suggest that Defendant Gilbert
7  directed the arrest. Although the Complaint alleges that "Defendant Gilbert "approved of,
8  directed, and supervised the unlawful arrest,"[37] and that Defendants Paterson and Garcia
9  removed Plaintiff from the building "under the direction of Gilbert,"[38] these conclusory
10 allegations are not enough to state a claim. Plaintiff's non-conclusory factual allegations
11 establish only that Defendant Gilbert was present at the Council meeting; approached
12 Plaintiff while she was speaking but then backed away; approached Plaintiff again;
13 helped two other officers to remove the microphone from her hand; and asked the Mayor
14 for permission to speak.[39] These allegations do not show that Defendant Gilbert
15 participated or directed Plaintiff's removal from the meeting, or in her arrest after she
16 was removed.

17 Next, Plaintiff's Complaint does not allege facts to show that Defendants
18 Winslow, Taft, Johnson, or Gilbert acted with an impermissible motive to interfere with
19 Plaintiff's First Amendment rights. With respect to Defendant Winslow, the Complaint is
20 clear that he sought to remove Plaintiff because he believed she had violated meeting
21 procedures, not because of the content of her speech. With respect to Defendants Taft and
22 Johnson, the non-conclusory factual allegations establish that Defendant Taft nodded, and
23 Defendant Johnson gestured, to Defendant Gilbert to remove Plaintiff from the meeting
24 only after the Town Attorney stated that the Council had the right to make a motion to

---

[35] *Id.* at ¶ 9.
[36] *Id.* at ¶¶ 10, 11.
[37] *Id*. at ¶ 6.
[38] *Id.* at ¶ 34.
[39] *Id.* at ¶¶ 29, 34.

- 8 -

1  remove Plaintiff from the meeting. These allegations, taken as true, are insufficient to
2  state a claim against Defendants Taft and Johnson. At most, they support an inference
3  that Defendants Taft and Johnson supported the removal of Plaintiff from the meeting.
4  There are no facts alleged to support an inference that their approval of Plaintiff's
5  removal was because of the content of Plaintiff's speech as opposed to the direction of
6  the Town Attorney or the motion entertained by the Council, or that their actions caused
7  Plaintiff to be removed from the meeting. The Complaint contains no allegations to
8  suggest that Defendant Gilbert retaliated against Plaintiff because of the content of her
9  speech.

The Complaint does establish that Defendants Garcia and Paterson participated in Plaintiff's arrest. But it does not include factual allegations that plausibly suggest that the arrest was in retaliation for Plaintiff's exercise of her First Amendment rights. Plaintiff does not allege that Defendants Garcia and Paterson reacted in any way to Plaintiff's verbal or non-verbal statements. Rather, the alleged facts establish that Defendants acted to remove Plaintiff from the meeting in response to a motion and vote by Council members, and only after Plaintiff was told that she could leave voluntarily or be escorted out. The Complaint is devoid of any facts to support the inference that Defendants arrested Plaintiff in an effort to interfere with her First Amendment rights.

Finally, assuming that Plaintiff intended to assert a First Amendment claim separate from the retaliatory arrest claim, her Complaint fails to state a claim against any of the Defendants. A city council meeting is a limited public forum.[40] The Town Council could thus regulate the time, place, manner, and content of speech as long as the regulation was viewpoint neutral.[41] Plaintiff's Complaint does not contain any non-conclusory factual allegations to establish that her removal was based on the content of

---

[40] *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 470 (2009); *Cogswell v. City of Seattle.*, 347 F.3d 809, 814 (9th Cir. 2003); *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990).
[41] *Norse v. City of Santa Cruz*, 629 F.3d 966 (9th Cir. 2010).

- 9 -

her speech, or that the reason for her removal was not viewpoint neutral. Indeed, the facts alleged in the Complaint suggest that Plaintiff's removal was based on a violation of procedure, not on the content of her speech.

Plaintiff has failed to state a First Amendment claim.

### E. **Plaintiff Has Not Alleged Facts Sufficient to State a Fourth Amendment Claim Against Defendants Winslow, Taft, Johnson, and Gilbert.**

Plaintiff alleges that her Fourth Amendment rights were violated when she was unlawfully arrested and prosecuted. For Defendants Winslow, Taft, Johnson, and Gilbert to be individually liable for false arrest, malicious prosecution—or retaliatory arrest/prosecution—they must have participated in or directed the actions that deprived Plaintiff of her constitutional rights, or knew of the violations and failed to prevent them.[42] But as discussed in Section D, Plaintiff has not alleged facts that plausibly suggest that these Defendants directed, participated in, or failed to prevent Plaintiff's arrest or prosecution. They were not present when Plaintiff was arrested, and the Complaint contains no allegations that they had input in the decision to arrest or the charges filed against Plaintiff.

The Fourth Amendment claims against these defendants should be dismissed.

### F. **Defendants Garcia, Paterson, and Gilbert Are Entitled to Qualified Immunity.**

Plaintiff's claims of retaliatory arrest/prosecution, false arrest, and malicious prosecution all depend on the lack of probable cause for her arrest.[43] The police officer defendants—Garcia, Paterson, and Gilbert—are entitled to qualified immunity for

---

[42] *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[43] *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006) (the absence of probable cause is an essential element of a retaliation claim); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (to prevail on a § 1983 claim for false arrest the plaintiff must demonstrate that there was no probable cause to arrest him); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (plaintiff must show that the defendants acted without probable cause to prevail on a § 1983 malicious prosecution claim).

1 Plaintiff's arrest because a reasonable officer could have believed probable cause existed
2 for the arrest.[44]

3 The qualified immunity standard requires a two-pronged inquiry: (1) whether the
4 claimed right was clearly established; and (2) whether a reasonable officer in Defendants'
5 Garcia, Paterson and Gilbert's position could have believed the conduct was lawful given
6 the circumstances.[45] Under the second prong, qualified immunity applies if one
7 reasonable law enforcement officer out of the world of reasonable law enforcement
8 officers could disagree on whether the challenged conduct was permissible.[46] Qualified
9 immunity allows for mistaken judgments and protects "all but the plainly incompetent or
10 those who knowingly violate the law."[47] Defendants are entitled to qualified immunity
11 because a reasonable officer in their position could have believed their conduct was
12 lawful given the circumstances.[48] The inquiry of whether a reasonable officer could
13 believe that Defendants' conduct was lawful is an objective inquiry for the court.[49]

14 Here, as a matter of law, at least one reasonable officer could believe that
15 Defendants' conduct was appropriate. Although Plaintiff was speaking during the public
16 comment portion of a public meeting, the right to speak during a limited public forum,
17 such as a city council meeting, is not absolute.[50] Public bodies can place reasonable, non-

---

[44] As discussed in Sections D and E, Defendants contend that Defendant Gilbert is not individually liable for Plaintiff's arrest but, even if he is, he is entitled to qualified immunity.
[45] *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001); *Pearson v. Callahan*, 555 U.S. 223 (2009).
[46] *Malley v. Briggs*, 475 U.S. 335, 341 (1986) ("[I]f officers of reasonable competence could disagree, immunity should be recognized"); *Reynolds v. County San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996) *overruled on other grounds, Acri v. Varian Associates, Inc.*, 114 F.3d 999 (9th Cir. 1997).
[47] *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 70 F.3d 1095, 1099 (9th Cir. 1995).
[48] *Saucier v. Katz*, 533 U.S. 194, 201-202 (2001); *Pearson v. Callahan*, 555 U.S. 223 (2009).
[49] *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982).
[50] *Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 470 (2009); *Cogswell v. City of Seattle.*, 347 F.3d 809, 814 (9th Cir. 2003); *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir. 1990).

discriminatory restrictions on speech in a limited public forum.[51] During Plaintiff's comments, a member of the Town Council stated that Plaintiff had violated meeting procedures, moved to have Plaintiff removed from the meeting, and told Plaintiff that she could leave or be escorted out.[52] The legality of the motion to remove was confirmed by the Town Attorney.[53] Under these circumstances, a reasonable police officer could have believed that when Plaintiff violated meeting procedures and refused to leave when asked, Plaintiff committed disorderly conduct under A.R.S. § 13-2904(A)(4) by preventing the lawful transaction of business of a lawful meeting.

### G. Plaintiff Has Not Alleged Facts Sufficient to State a Claim Against the Town of Quartzsite.

Plaintiff's Complaint alleges that Defendant Town's failure to train or enact policies caused the alleged violations of Plaintiff's constitutional rights. But Plaintiff does not allege sufficient facts to state a claim under either theory of liability. To maintain a § 1983 claim against a local governing body, a plaintiff must allege facts that support a reasonable inference that a "policy or custom"—or lack thereof—attributable to the body was the "moving force" behind the constitutional deprivation."[54] To state a failure to train claim, a plaintiff must allege facts to support an inference that the municipal defendant failed to train officials in a specific area where there is an obvious need for training to avoid violations of citizen's constitutional rights.[55]

Rather than alleging facts to support Plaintiff's claim that training was deficient, Plaintiff's Complaint outlines, in detail, the training that was provided to Town officials, including Defendant Gilbert, about the parameters of conduct during public meetings. Other than the factual allegations describing the training that was provided, Plaintiff's Complaint offers only conclusory allegations in support of her municipal liability claim.

---

[51] *Cogswell*, 347 F.3d at 814; A.R.S. § 38-431.01(H)..
[52] Compl. at ¶¶ 26-28.
[53] *Id.* at ¶ 33.
[54] *Monell v. Department of Social Service of New York*, 436 U.S. 658, 691-694 (1978).
[55] *City of Canton v. Harris*, 489 U.S. 378 (1989).

1 Plaintiff alleges that Defendants "acted pursuant to Town policies" but does not identify any policy.[56] Similarly conclusive are Plaintiff's other allegations that relate to Defendant Town: (1) despite complaints about Defendant Gilbert, the Town has not placed him on administrative leave;[57] (2) the Council failed to exercise proper oversight and discipline of the police department;[58] (3) the Town's failure to train is deliberate indifference;[59] (4) the Town's failure to provide training and supervision caused Plaintiff's injuries;[60] and (5) the need for training and supervision were plainly obvious.[61] These types of threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, are insufficient to establish the plausibility Rule 8(a)(2) requires.[62]

The claim against the Town should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Defendants are entitled to judgment as a matter of law on all claims.

DATED this 13th day of September, 2013.

**RYLEY CARLOCK & APPLEWHITE**

By  /s/ Lisa S. Wahlin
    Lisa S. Wahlin
    One North Central Avenue, Suite 1200
    Phoenix, AZ 85004-4417
    *Attorneys for Defendants*

---

[56] Compl.(Doc. 1) at ¶¶ 6-11.
[57] *Id.* at ¶ 58.
[58] *Id.* at ¶ 61.
[59] *Id.* at ¶ 77.
[60] *Id.* at ¶ 78.
[61] *Id.* at ¶ 79.
[62] *See Iqbal*, 556 U.S. at 678.

# CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants:

Elmer Stewart Rhodes III
Law Office of Elmer Stewart Rhodes
432 E Idaho St., Ste. C231
Kalispell, MT 59901
*Attorney for Plaintiff*


/s/ Keylagh Maxwell