**RYLEY CARLOCK & APPLEWHITE**
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417
Telephone 602.440.4800
Fax 602.257.9582
Lisa S. Wahlin (Bar No. 013979)
lwahlin@rcalaw.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones, | Case No. 2:12-cv-01383-JAT |
| Plaintiff, | |
| v. | **DEFENDANTS' AMENDED MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE** |
| Town of Quartzsite, et al., | |
| Defendants. | |

Defendants move to continue the Final Pretrial Conference set for January 15, 2015. Counsel for Defendants is unable to appear on the date on which the conference is currently scheduled. Counsel is scheduled to be in trial on January 15, 20, and 21, 2015 in *Haga v. City of Surprise, et al.*, cause number CV2012-011267 in Maricopa County Superior Court before the Honorable James T. Blomo.[1]

Undersigned counsel has spoken with counsel for Plaintiff and Plaintiff has no objection to the requested continuance.

Accordingly, Defendants respectfully request that the status conference be continued to a date after January 21, 2015.

///

///

---

[1] See Minute Entry, attached as Ex. 1. Counsel expects the trial to proceed because the parties had a previous trial date in September and began the trial only to have it declared a mistrial because court staff, parties, and jurors were unable to travel to court due to inclement weather. No possibility of settlement exists.

3670039.1
10/21/14

DATED this 21st day of October, 2014.

**RYLEY CARLOCK & APPLEWHITE**

By /s/ Lisa S. Wahlin
Lisa S. Wahlin
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2014, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of Notice of Electronic filing to the following CM/ECF registrants

David Enevoldsen
THE ENEVOLDSEN LAW OFFICE, PLLC
2121 S. Mill Avenue, Suite 102
PO Box 1320
Quartzsite, AZ 85346
*Attorney for Plaintiff*

Michael Kielsky
KIELSKY RIKE PLLC
4635 S. Lakeshore Dr.
Tempe, AZ 85282
*Attorneys for Plaintiff*

/s/Darlene Dahl

EXHIBIT 1

Michael K. Jeanes, Clerk of Court
\*\*\* Electronically Filed \*\*\*
10/10/2014 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2012-011267  10/07/2014

HONORABLE JAMES T. BLOMO

CLERK OF THE COURT
G. Verbil
Deputy

TERRY HAGA  FRANK R MEAD

v.

CITY OF SURPRISE, et al.  LISA S WAHLIN

JURY TRIAL SET

9:00 a.m. This is the time set for Telephonic Status/Scheduling Conference. Plaintiff is represented by counsel, Frank R. Mead. Defendants are represented by counsel, Lisa S. Wahlin.

A record of the proceedings is made by audio/videotape in lieu of a court reporter.

Discussion is held regarding the status of the case and the parties advise the Court they are prepared to set a trial date. Accordingly,

IT IS ORDERED as follows:

1. Vacating the Trial Management Conference set for October 30, 2014 and resetting same to **January 6, 2015 at 9:00 a.m. (time allotted: 30 minutes)**. All parties must appear in person and cannot appear telephonically.

2. Vacating Trial to a Jury set for November 4, 2014 and resetting same to **January 15, 2015 at 9:30 a.m. (time allotted: 3 days)**. PLEASE NOTE: Trial will not proceed on Fridays as Fridays are dark days for this division.

## Duties Prior to Trial

3. <u>Dispositive Motions:</u> All dispositive motions, including Rule 56 motions, shall be filed no later than **October 17, 2014.**

4. <u>Motions in Limine:</u> All Motions in Limine shall be filed no later than **December 16, 2014** and such motions must meet the test of *State v. Superior Court*, 108 Ariz. 396, 397; 499 P.2d 152 (1972): The primary purpose of a Motion in Limine is to avoid disclosing to the jury prejudicial matters which may compel a mistrial. See also, Ariz. R. Evid. 103(c). A written response to a Motion in Limine may be filed no later than ten (10) calendar days thereafter. The Court may rule on Motions in Limine without oral argument. No replies shall be filed. The parties must comply with Rule 7.2(a) Ariz.R.Civ.P., prior to filing any Motion in Limine.

   **PLEASE NOTE:** This division requires that all motions, responses, replies and other Court requested filings in this case must be submitted individually. Counsel shall not combine any motion with a responsive pleading. All motions are to be filed separately and designated as such. No pleadings will be accepted if filed in combination with another.

5. <u>Joint Pretrial Statement:</u> Counsel shall file, no later than **December 30, 2014**, a Joint Pretrial Statement signed by all counsel. In addition to the information required by Rule 16, the Joint Pretrial Statement shall include,

   > A Final Trial Witness List. This list shall contain the name of each witness a party <u>actually intends to call</u> at Trial, the day on which they intend to call each witness and the **estimated time needed for direct, cross and re-direct examination.** (see Witness Information Form attached)

   > An agreed upon number of jurors to be seated as the final panel including any alternates, whether or not the alternates will deliberate, and an agreed upon verdict ratio in accordance with the number of jurors deliberating.

   > Whether or not the Rule of Exclusion of Witnesses is being invoked.

6. <u>Jury Instructions and Voir Dire Questions:</u> Counsel shall meet and agree on as many proposed jury instructions as possible. Counsel shall file with their Joint Pretrial Statement **(the Judge would appreciate counsel providing a copy of the jury instruction requests on CD, in Microsoft Word)**:

a) Proposed voir dire questions.

b) A joint set of agreed-upon preliminary and final jury instructions and proposed forms of verdicts.

c) Separate sets of requested instructions that have not been agreed upon. Please read *Rosen v. Knaub*, 175 Ariz. 329; 85 P.2d 381 (1993) and the RAJI Civil 3d Statement of Purpose and Approach before preparing requests for non-RAJI instructions.

Recommended Arizona Jury Instructions (RAJI) need not be typed and may be requested in the following manner: RAJI 3d Standard 1 - Duty of Jurors. Non-RAJI instructions should be typed. Each instruction should cover only one subject.

## Duties at Trial Management Conference

7. Counsel shall be prepared to argue Motions in Limine if the Court deems necessary.

8. Counsel shall be prepared to discuss:

    a) Time limits in voir dire, opening statements, examination of witnesses and closing arguments.

    b) Preliminary jury instructions, mini opening statements and voir dire.

    c) Agreed-upon deposition summaries and excerpts from deposition transcripts and the editing of any videotaped depositions.

    d) Any special scheduling or equipment issues.

9. All parties *must* contact the Clerk of this division at **602-506-7504**, no later than **December 26, 2014**, regarding the proper procedures for submitting exhibits to be marked for trial in this division.

    No later than **January 2, 2015**, all parties shall deliver their exhibits. *The parties are directed to meet in person to exchange the exhibits before coming to court. The parties will make sure that they do not bring to the clerk a set of exhibits that include duplicate exhibits.* The parties should not reserve exhibit numbers for all Defendants' exhibits, all Plaintiffs' exhibits, miscellaneous demonstrative exhibits, and the like. The parties shall also present original depositions for filing at that time.

Exhibits are marked in numerical order per party, making it necessary to mark all of one party's exhibits before marking the other party's. Accordingly, the Defendant's exhibits numbering shall start at the next number following the last of Plaintiff's exhibits. (For example, Plaintiff submits 82 exhibits, which are marked Exhibit 1 through 82. Defendant submits 63 exhibits, which are marked 83 through 145). Please do not combine the parties' exhibits. Each side's exhibits must be submitted separately and in numerical order.

**With regard to trial exhibits, the parties are <u>strongly discouraged</u> from marking exhibits they do not anticipate offering during trial. The parties shall include a section in the Joint Pretrial Statement regarding exhibits that *may* be used during trial (and need not be initially marked), separate and apart from those exhibits the parties know will be offered and should be initially marked as trial exhibits in this case.**

10. One day's jury fees will be assessed unless the Court is notified of settlement before 2:00 p.m. on the judicial day before the Trial. Counsel are reminded to promptly notify the Court of any settlement pursuant to Rule 5.1(c), Ariz.R.Civ.P.

11. The dates set forth in this Order are FIRM dates and will not be extended or modified by this Court absent good cause. Lack of preparation will not ordinarily be considered good cause.

A trial date now having been set, the parties may, without leave of the Court, modify the deadlines previously set in the previously filed Scheduling Order using the trial date as a guideline for the new dates. Should the parties reach an impasse in their discussions to modify the deadlines, they may contact the Court for the setting of a telephonic status conference.

The trial will take place in the Superior Court's "e-courtroom." A record of the proceedings will be made by audio and CD in lieu of a court reporter. Should you want an unofficial copy of the proceedings, the parties or counsel may request a CD of the proceedings for a $20.00 charge. If a CD is requested, please obtain a form from the courtroom clerk or from the Self Service Center to request a daily copy of a court hearing or trial proceeding being conducted. Pay the applicable fee **at the Self Service Center.** Attach the receipt showing payment of the fee and present both the receipt and the form to the bailiff. **For copies of hearings or trial proceedings recorded previously, please call Electronic Records Services at 602-506-7100.** Should an official transcript be required, you may request that the court prepare it. The party ordering the transcript must pay for it. To request a transcript, call 602-

506-7100 and provide the date of the proceeding, the case number, the case caption, if the transcript is for an appeal, and your name, address, and telephone number.

**With this new technology, a court reporter is likely not required and the parties are encouraged to experience the court's video recording system before requesting a court reporter.** If a court reporter is required, the Court must receive a written request at least three (3) court days before the commencement of the proceeding. Failure to timely request a court reporter will be deemed consent to proceed without a court reporter.

9:07 a.m. Matter concludes.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2012-011267                                              10/07/2014

# WITNESS INFORMATION FORM

WITNESSES FOR PLAINTIFF(S)

|   | WITNESS NAME | DIRECT | CROSS |
|---|---|---|---|
| 1 |   |   |   |
| 2 |   |   |   |
| 3 |   |   |   |
| 4 |   |   |   |
| 5 |   |   |   |
| 6 |   |   |   |

DIRECT & CROSS TOTAL: _____

WITNESSES FOR DEFENDANT(S)

|   | WITNESS NAME | DIRECT | CROSS |
|---|---|---|---|
| 1 |   |   |   |
| 2 |   |   |   |
| 3 |   |   |   |
| 4 |   |   |   |
| 5 |   |   |   |
| 6 |   |   |   |

DIRECT & CROSS TOTAL: _____

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2012-011267												10/07/2014

TOTAL WITNESS TIME ESTIMATE: _____

| TIME ESTIMATE FOR: | PLAINTIFF | | DEFENDANT |
|---|---|---|---|
| OPENING STATEMENT | | | |
| CLOSING ARGUMENT | 1st: | 2nd: | |