Jennifer Marie Jones
PO Box 1320
Quartzsite, AZ 85346
(928) 785-6318
thedesertfreedompress@yahoo.com
Plaintiff in Pro Se



# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones,<br><br>  Plaintiff,<br><br>vs.<br><br>Town of Quartzsite, et al.,<br><br>  Defendants. | Case No. CV-12-01383-PHX-JAT<br><br>**MOTION TO STRIKE AND STATEMENT OF REASONS FOR OPPOSING DEFENDANTS' MOTION TO BAR EVIDENCE OF PHYSICAL INJURY**<br>**EMERGENCY MOTION FOR STAY OF PROCEEDINGS**<br>(Requested before ruling on any other pending motions)<br><br>(Assigned to the Honorable James A. Tielborg) |

Plaintiff Pro Se Jennifer Marie Jones moves to strike Defendant's Motion to Bar Evidence of Physical Injury on the grounds that it is prohibited by LRCiv 7.2 (m)(1)(2) and for good cause moves for an emergency stay of proceedings due to conflicting case deadlines, for discovery purposes, and to comply with the Pre Trial Order dated 12/23/14 (Doc 42-1, hereinafter referred to as the Order).

MOTION TO STRIKE, RESPONSE TO MOTION TO BAR EVIDENCE, MOTION FOR STAY OF PROCEEDINGS- 1

## LEGAL STANDARD

LRCiv 7.2 (m)(1) "...a motion to strike may be filed... if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."

LRCiv 7.2 (m)(2) Objections to Admission of Evidence on Written Motions. "An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing."

## ARGUMENT

Defendants failed to ~~file a~~ object in the responsive memorandum in this case, then suddenly objects to the admissibility of evidence of Plaintiff's physical injury in the instant Motion, on 2/4/15. LRCiv 7.2 (m)(1) provides that the instant Motion may be stricken on the ground that it is prohibited (or not authorized) by a rule, and LRCiv 7.2 (m)(2) clearly states that the objections raised in the instant Motion "must be presented in the objecting party's responsive or reply memorandum and not in a separate motion or...other separate filing" therefore the instant Motion should be stricken.

Defendant's assertion that evidence of physical injury should be barred for failure to disclose is capricious in light of the fact that there was at no time a meeting with Plaintiff (represented or in pro se) to disclose evidence and no draft proposals prepared nor exchanged, nor resulting joint Proposed Final Pretrial Order to lodge.

Because Plaintiff has twice suffered abandonment of counsel, and maintains that said council was ineffective at best and unethical at worst, Plaintiff is now free to do what

MOTION TO STRIKE, RESPONSE TO MOTION TO BAR EVIDENCE, MOTION FOR STAY OF PROCEEDINGS- 2

said prior council was either unwilling and/or unable to do, specifically, Plaintiff wishes to initiate the discovery process and the interest of justice requires that she should be given leave to do so, thereby necessitating an emergency stay of the proceedings.

Due to an error by the Arizona Department of Public Safety, the Plaintiff is still awaiting requested key evidence to disclose, specifically, the relative investigation report of the incident from which the Complaint arises, thereby necessitating an emergency stay of the proceedings.

Plaintiff's husband's illness has recently required that she take on additional daily duties, thereby necessitating an emergency stay of the proceedings.

Plaintiff in pro se is now simultaneously managing four cases in U.S. District Court and a criminal appeal from the Quartzsite Magistrate Court, due to the bad faith actions of Defendant Town of Quartzsite and it's officials and employees, with compounded filing deadlines, thereby necessitating an emergency stay of the proceedings.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Upon notice that the Complaint was not dismissed, Plaintiff requested a copy of the Arizona Department of Public Safety investigation and report DR-2011-031979 on the 6/28/2011 incident at issue but received the incorrect report, postmarked 1/6/2015. Plaintiff has since requested the correct report.

Plaintiff's husband has been increasingly ill since August 2013 and is refusing medical treatment, to the point of requiring assistance from law enforcement, beginning on 1/30/2015 and the related issues are ongoing. This has created an unforeseen hardship

on the Plaintiff.

Defendant Town of Quartzsite being fully aware of the Order in this case has been filing frivolous motions in Case No. 2:14-CV-01907-SPL in an apparent attempt to create a hardship on Plaintiff.

Defendants' failed to respond to Plaintiff's 1/12/2015 letter made in good faith (See Exhibit A attached hereto) and made no contact to request a meeting to exchange discovery pursuant to Rule 26 and the Order. Rather, Defendants send an email inquiry last night at 5:21 pm, too late to be of any effect.

**CONCLUSION**

In the interest of justice, Plaintiff respectfully moves the court to strike the Defendants' Motion to Bar Evidence of Physical Injury and grant Plaintiff's Emergency Motion for stay of Proceedings for at least 180 days.

Dated this 18th day of February 2015

*(signature)*
Jennifer Marie Jones
PO Box 1320
Quartzsite, AZ 85346
*Plaintiff In Pro Se*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Town of Quartzsite, et al.,<br><br>　　　　Defendants. | No. CV-12-01383-PHX-JAT<br><br><br>ORDER |

**IT IS ORDERED** that Defendants' Motion to Bar Evidence of Physical Injury is **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for Stay of Proceedings is **granted.**

　　　　　　　　　　　　　　　　Honorable James A. Tielborg

　　　　　　　　　　　　　　　　United States District Judge

**EXHIBIT – A**

**Subject:** Re: Jones v. Town of Quartzsite, et al.

**From:** Larry Crown (LCrown@tbl-law.com)

**To:** TKido@tbl-law.com; thedesertfreedompress@yahoo.com;

**Date:** Wednesday, February 18, 2015 10:11 AM

Ms. Jones- thank you for your email response. I want to discuss the Joint Proposed Final Pretrial Order and related filings that are due today. Please call me at 480 388 3373 office direct line.

Larry Crown

Sent from my iPhone

> On Feb 18, 2015, at 8:24 AM, Tracy Kido <TKido@tbl-law.com> wrote:
>
>
>
> -----Original Message-----
> From: J Jones [mailto:thedesertfreedompress@yahoo.com]
> Sent: Wednesday, February 18, 2015 3:15 AM
> To: Tracy Kido
> Subject: Re: Jones v. Town of Quartzsite, et al.
>
> Nothing like waiting to contact me until 5:21pm on the day before the joint Proposed Final Pretrial Order lodging is due. I have been waiting patiently on your "client's" answer to my January 12th letter to prior counsel Lisa Wahlin (see unsigned copy attached) which I'm sure you probably already have a copy of. "I look forward to hearing from you" meant a timely response was expected, either to discuss settlement with an apology or to determine how to proceed in light of the fact that there has been zero discovery while we all waited for Judge Tielborg's Order to see if the case would even proceed.
>
> Simultaneously, I have been responding to motions filed by your client Defendant Town of Quartzsite in another case, where they are fully aware that it effects my ability to manage this case. I am not amused by this bad faith attempt at sabotage.
>
> Of relevance, I have apparently lost my phone yesterday while walking home from checking my email. I hope someone will find it, but unfortunately I cannot call you today, until I locate it.
>
> The letter you just sent me asserts that "Two weeks ago I tried to reach you to discuss motions in limine". Your only prior contact with me was the Feb 4th email with the already filed motions attached, and no request to discuss the motions, the joint Proposed Final Pretrial Order, or to discuss Rule 26 discovery. I intend to reply to the motions, of course, and I've been busy working on that.
>
> Now you suddenly state that you intend to file a Defense Proposed Final Pretrial Order if I do not contact you. To be clear, in good faith, this is me, contacting you despite your untimely letter. So, how to you propose we remedy the total lack of discovery by your client's previous counsel and the fact that no drafts were exchanged by the required deadlines while I was waiting to hear back from Ms. Wahlin? I would like the opportunity to depose your witnesses, but I have no idea who they are, as you similarly

have no idea who mine are. Since you have so recently taken this case, in fairness to all parties, we should have the opportunity for a proper discovery process, don't you agree?
>
>
> Jennifer "Jade" Jones
> Publisher, The DESERT FREEDOM PRESS
>
> News you can use for Quartzsite and La Paz County, AZ!
> http://thedesertfreedompress.blogspot.com
>
> -----------------------------------------
> On Tue, 2/17/15, Tracy Kido <TKido@tbl-law.com> wrote:
>
> Subject: Jones v. Town of Quartzsite, et al.
> To: "thedesertfreedompress@yahoo.com" <thedesertfreedompress@yahoo.com>
> Cc: "Larry Crown" <LCrown@tbl-law.com>, "Elan Mizrahi" <Elan@tbl-law.com>
> Date: Tuesday, February 17, 2015, 5:21 PM
>
> Attached is a
> letter from Attorney Larry Crown dated February 17, 2015.
>   Tracy KidoLegal Assistant to Larry J. Crown and  Elan S. MizrahiTITUS BRUECKNER & LEVINE PLC
> 8355 East Hartford Drive,
> Suite 200
> Scottsdale,
> Arizona 85255
> Phone:
> 480.483.9600 |
> Fax:
> 480.483.3215
> Email:
> TKido@tbl-law.comWebsite: www.tbl-law.com
>
> This electronic mail message
> contains information from the law firm Titus Brueckner &  Levine PLC that may be confidential or privileged. Such  information is solely for the intended recipient, and use by  any other party is not authorized. If you are not the  intended recipient, be aware that any review, disclosure,  copying, distribution or use of this message, its contents,  or any attachments is strictly prohibited. Any wrongful interception of this message is punishable as a Federal  Crime. Although this message and any attachments are  believed to be free of any virus or other defect that might  affect any computer system into which it is received and  opened, it is the responsibility of the recipient to ensure  that this message and any attachments are virus free. No  responsibility is accepted by the sender for any loss or  damage arising in any way from the use of this message or  any attachments. If you have received this message in error, please notify the sender immediately by telephone
> (480-483-9600) or by electronic mail message  to tkido@tbl-law.com, and destroy all  copies of the original message.  Unless otherwise  indicated in the body of this message, nothing in this  communication is intended to operate as an electronic  signature under applicable law.  Tax Advice
> Disclosure: To ensure compliance with requirements imposed  by the IRS under Circular 230, we inform you that any U.S.
> federal tax advice contained in this message (including any  attachments), unless otherwise specifically

stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.
\>
\> \<settlement letter response.odt\>

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2015, I personally filed the attached document to the Clerk's Office for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Larry J. Crown
Elan S. Mizrahi
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Attorneys for Defendants


A copy of the foregoing delivered this
18th day of February, 2015 to:

The Honorable James A. Tielborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, Arizona 85003


*/s/ Jennifer Marie Jones*
Jennifer Marie Jones