Jennifer Marie Jones
PO Box 1320
Quartzsite, AZ 85346
(928) 785-6318
thedesertfreedompress@yahoo.com
Plaintiff in Pro Se

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones,<br><br>    Plaintiff,<br><br>vs.<br><br>Town of Quartzsite, et al.,<br><br>    Defendants. | **Case No. CV-12-01383-PHX-JAT**<br><br>**MOTION TO STRIKE AND STATEMENT OF REASONS FOR OPPOSING DEFENDANTS' MOTION TO BAR OTHER EVIDENCE**<br>**MOTION TO EXTEND TIME FOR FILING AMENDED COMPLAINT AND FOR LEAVE TO AMEND COMPLAINT**<br>(First Request)<br><br>(Assigned to the Honorable James A. Tielborg) |

Plaintiff Pro Se Jennifer Marie Jones moves to strike Defendant's Motion to Bar Evidence pursuant to LRCiv 7.2 (m)(2) and for good cause moves for leave to amend her complaint and to extend time for filing her proposed amended complaint, or, in the alternative, to consolidate this Case with Case 2:13-CV-01770-DJH.

**LEGAL STANDARD**

LRCiv 7.2(m)(1) "...a motion to strike may be filed... if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."

MOTION TO STRIKE, RESPONSE TO MOTION TO BAR EVIDENCE, MOTION TO AMEND COMPLAINT- 1

LRCiv 7.2(m)(2) Objections to Admission of Evidence on Written Motions. "An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing."

FRCivP 15(a)(2) "The court should "freely give leave [to amend] when justice so requires." Courts must apply Rule 15a with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 3 16 F.3d 1048, 1051 9th Cir. 2003; see *also Bow/es v. Reade,* 198 F.3d 752, 757 9th Cir. 1999 reviewing denial of leave to amend "strictly in light of strong public policy permitting amendment". As such, Rule 15a establishes a strong presumption in favor of allowing a party to amend. *Eminence Capital,* 316 F.3d at 1052. This presumption may be overcome only by a showing of undue prejudice, bad faith, undue delay or futility of amendment. *Id.* quoting *Foman v. Davis,* 371 U.S. 178, 182 1962.

FRCivP 15 (b)(1) "If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."

FRCivP 42(a) "If actions before the court involve a common question of law or fact, the court may...consolidate the actions"

**ARGUMENT**

After failing to object in their responsive memorandum, Defendants suddenly object to the admissibility of other evidence in the instant Motion, filed on 2/4/15. LRCiv

7.2 (m)(1) provides that the instant Motion may be stricken on the ground that it is prohibited (or not authorized) by a rule, and LRCiv 7.2 (m)(2) clearly states that the objections raised in the instant Motion "must be presented in the objecting party's responsive or reply memorandum and not in a separate motion or...other separate filing" therefore the instant Motion should be stricken.

Defendant's assertion that other evidence should be barred lacks foundation and calls for speculation in light of the facts that no meeting to exchange evidence has ever taken place, therefore relevance or lack thereof has not been established for any evidence as a basis for objection, and Defendants have failed to show that the evidence at issue would prejudice their defense on the merits. Moreover, Plaintiff is making a good faith effort to obtain critical evidence, DPS report DR-2011-031979, which may reveal facts that change the scope of what is relevant and moot the instant Motion.

Justice requires granting leave to amend and extending time to file the proposed amendment because amending the Complaint is in good faith, would not be futile, does not create undue prejudice or delay. Plaintiff has twice suffered abandonment of counsel, and Plaintiff Pro Se is now free to do what said prior council was either unwilling and/or unable to do, specifically, Plaintiff wishes to amend her Complaint, or in the alternative to consolidate this case with Case 2:13-CV-01770-DJH.

Defendants move to bar evidence based on deficiency in the Claim, which can be cured, which Plaintiff desires leave to remedy, and doing so will aid in presenting the merits of the case. Amending the Complaint would be allowed at trial pursuant to Fed. R. Civ. P. 15(b)(1) and should be allowed prior to trial in the interest of judicial economy.

Justice requires a waiver of the rule to submit the proposed amended pleading with the Motion, and a reasonable extension of time should be granted to submit a proposed amendment, especially in light of forthcoming DPS report DR-2011-031979, which Plaintiff does not know the contents of, nor how it relates to the Defendant who is deceased and obviously cannot testify. Also, because Plaintiff Pro Se has only been able to act without counsel for a few weeks while actively seeking new counsel, as well as trying to obtain evidence, while simultaneously answering four separate motions to dismiss in Case No. 2:14-CV-01907-SPL and complete a related appeal memorandum in CR2013-0074 in the Quartzsite Magistrate Court. In the alternative, Plaintiff should be granted leave to consolidate this case with Case 2:13-CV-01770-DJH because both cases involve substantially the same parties and the Claim in Case 2:13-CV-01770-DJH arises in part from evidence and facts surrounding the free speech claim at issue in this Case that could not have been known at the time this Claim was filed, and doing so could potentially remedy the pleading deficiency in this Case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's first counsel was, by his own admission, unreachable and unavailable to Plaintiff. Plaintiff's replacement counsel refused to file anything further in the case upon learning that municipal liability had been excluded by the 9/24/14 Order.

There has been no pretrial exchange of discovery nor deposition of witnesses, and Plaintiff Pro Se is unaware if a time for completion of discovery was made by the Court.

Defendants' position on Plaintiff's Motion to Extend Time is unknown.

## CONCLUSION

WHEREFORE Plaintiff Pro Se respectfully requests that Defendant's Motion to Bar Other Evidence be stricken and Plaintiff's Motion for Leave to Amend the Complaint and to Extend Time be granted, or, in the alternative, that Plaintiff be granted leave to consolidate this case with Case 2:13-cv-01770-DJH.

RESPECTFULLY SUBMITTED this 4th day of March, 2015.

By: *[signature]*
Jennifer Marie Jones
Post Office Box 1320
Quartzsite, Arizona 85346
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4th, 2015, I personally delivered the attached document to the Clerk's Office for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Larry J. Crown
Elan S. Mizrahi
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Attorneys for Defendants

A copy of the foregoing delivered this
4th day of March, 2015 to:

The Honorable James A. Tielborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, Arizona 85003

*[signature]*
Jennifer Marie Jones