✓ FILED ___ LODGED
___ RECEIVED ___ COPY

APR 01 2015

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

Jennifer Marie Jones
PO Box 1320
Quartzsite, AZ 85346
(928) 785-6318
thedesertfreedompress@yahoo.com
Plaintiff in Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Jennifer Marie Jones,

Plaintiff,

vs.

Town of Quartzsite, et al.,

Defendants.

**Case No. CV-12-01383-PHX-JAT**

**RULE 41(A)(2) MOTION TO DISMISS WITHOUT PREJUDICE**

(Assigned to the Honorable James A. Tielborg)

Plaintiff Pro Se Jennifer Marie Jones moves to dismiss without prejudice pursuant to FRCivP 41(A)(2).

**LEGAL STANDARD**

FRCivP 41(A)(2) Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper...Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

**ARGUMENT**

This case is not ready for trial. Through no fault of her own and due to circumstances beyond her control, Plaintiff has twice been abandoned by counsel and there has been no "meaningful discovery" nor "complete discovery", virtually no discovery at all beyond the filing of Initial Disclosure Notice(s), pursuant to the Rule 16 Order (Doc.15). The parties were not required to file a list of any actual disclosures. Plaintiff is unaware of the alleged contents of those Initial Disclosure Notice(s), having never been provided with a copy by either parties prior counsel or by Defendants' current counsel. Plaintiff had

not seen any of the documents filed in this case prior to December of 2013, until February of 2015 when she researched the case file in the Clerk's office.

Having no notice from her prior counsel(s) that the discovery deadlines in the Rule 16 Order (Doc.15) had passed and not having seen the Order, Plaintiff continued to collect evidence for trial and investigate the existence of new evidence which is essential to the litigation. Plaintiff discovered the existence of new evidence and subsequently requested copies by U.S. Mail in July of 2014, some of which was received postmarked 1/6/2015 and another portion was received on 3/19/2015, specifically relevant evidence deriving from an Arizona Department of Public Safety investigative report on the incident at issue, DR-2011-031979 which which is critical for a fair trying of the case and includes new findings of facts and also confirms the existence of further evidence in the form of recorded audio statements made by the involved parties. In light of the fact that two of the Quartzsite Town Council members involved in illegally removing Plaintiff from the 6/28/2011 Quartzsite Town Council meeting were not otherwise deposed and are now deceased, they cannot give further testimony or be questioned, justice can only be served by dismissing this case without prejudice so as to allow Plaintiff to obtain replacement counsel and file a new claim based on the new evidence, rather than forcing this case to trial prematurely without proper "complete discovery".

Plaintiff is not responsible for the conduct of her previous counsel. Indeed, her former counsel Elmer Stewart Rhodes took full responsibility for his failures when he filed his Notice of Withdrawal. Her replacement counsel referred to the Plaintiff as "difficult" for insisting that they prosecute and fulfill the Orders of the Court in this case despite the apparent lack of any "meaningful discovery".

Beyond the prospect of a second suit on the same cause of action, Defendants will not be unduly prejudiced by granting Plaintiff's Motion as the scant work product created by Defendants thus far is essentially duplicative of that required for a second case filed on the same cause of action. Furthermore, Defendants should assume no additional costs for litigating a second case filled on the same cause of action due to the fact that the cost of litigation in this matter was covered by the Town of Quartzsite's

insurance through the Arizona Municipal Risk Retention Pool, and upon information and belief the deductible for this incident was paid some time ago.

The Rule 16 Order (Doc.15) has not been vacated nor the deadlines extended and it essentially bars any evidence not disclosed by "August 2, 2013" especially "last minute" or "eleventh hour" discovery, and "requires all Rule 26(a) (3) Pretrial Disclosures to be contained in the joint Proposed Final Pretrial Order" and "contemplates that all exhibits and witnesses...will have been disclosed before the close of discovery, as established by the provisions of this Order". No exhibits or witnesses having been disclosed by either party to Plaintiff's knowledge, this Court has essentially left Plaintiff with no witnesses or exhibits that can be now be included as required in the joint Proposed Final Pretrial Order, while simultaneously being under the requirements of the Order Setting Final Pretrial Conference (Doc. 42-1) to complete the requirements of the attached joint Proposed Final Pretrial Order and to list witnesses and to mark and exchange exhibits. Further, on 3/12/15 Plaintiff was verbally ordered at a Show Cause Hearing to turn over to the Defense the necessary information by noon on 3/20/15 even though it seems clear that the necessary information cannot be spontaneously disclosed. Plaintiff appears to be in the untenable position of being at the mercy of opposing Orders and facing possible sanctions for violating either.

**MEMORANDUM**

On 12/7/12 a Joint Proposed Case Management Report was filed (Doc.11) containing proposed deadlines. Plaintiff was unaware of this document until February, 2015.

On 1/14/2013 a Rule 16 (b) Scheduling Conference was held and all parties were ordered to comply with the deadlines in the subsequent Order (Doc.15). It was ordered that "all discovery...must be completed by August 2, 2013". The Order also stated "failure to have timely supplemented a Rule 26(a) disclosure...or attempting to include any witnesses or exhibits in the **joint** Proposed Final Pretrial Order that were not previously disclosed in a timely manner so as to allow for meaningful discovery prior to the discovery deadline set forth in this Order, may result in the exclusion of such evidence at trial or the imposition of other sanctions." (Emphasis original). Although the dispositive motion deadline was

extended to 9/13/2013 (See Doc. 21) the Rule 16 Order (Doc. 15) was not vacated, nor it's deadlines extended or set aside.

A Motion for Judgement on the Pleadings (Doc. 22) was filed by the Defendants. Plaintiff filed a Response (Doc. 31) and Defendants filed a Reply (Doc. 32).

The dispositive motion was ruled upon on 9/24/14 (Doc. 33) and the matter was set for final pretrial conference (Doc. 34).

Counsel for Plaintiff filed a Motion to Withdraw as Counsel on 10/29/2014 (Doc. 38). That Motion contained a request "that, in the interest of justice, the Court permit Plaintiff some additional reasonable time to retain new counsel.". Although that Motion (Doc. 38) was granted on 12/2/2014 (Doc.41) and the final pretrial conference previously set for 1/14/2015 was reset for 4/1/2015 (Doc 42) on 12/3/14, no additional time was granted to Plaintiff Pro Se to find replacement counsel. With only 117 days until the final pretrial conference Plaintiff Pro Se was unable to employ local counsel replacement counsel despite a diligent good faith effort.

On January 12th, Plaintiff wrote to Counsel for the Defendants, but received no reply.

Defendants changed counsel.

Pursuant to the Order Setting Final Pretrial Conference (Doc 42-1) Plaintiff was suddenly without benefit of counsel and had only sixty four days to "meet in person and exchange marked copies of all exhibits" despite none being known to exist by Plaintiff, to file motions in limine not to exceed five pages, and to prepare a draft of the joint Proposed Final Pretrial Order that could not be completed for the reasons previously stated, and as specifically stated in the Order Setting Final Pretrial Conference (Doc 42-1) "the Court will not allow the parties to offer an exhibit, a witness, or other information that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Civil Proceedure; **and** (3) listed in the **joint** Proposed Final Pretrial Order" (Emphasis original).

Defendants' new counsel made no effort to contact Plaintiff Pro Se except for an alleged attempt at a phone call on 2/2/2015 and 2/3/2015, and Plaintiif was not aware that Defendants had even changed

counsel until Defendants filed two motions to bar evidence instead of a draft of the joint Proposed Final Pretrial Order, and their new counsel emailed her a copy on 2/4/15. Plaintiff was unsure if the Motions and their specific subject matter would render moot the deadlines for the required draft joint Proposed Final Pretrial Order or how they might affect the discovery defect if they were approved.

Having done nothing jointly, on the day the joint Proposed Final Pretrial Order was due, Plaintiff answered one of Defendants' Motion in limine with a Motion to Strike and a Motion for Emergency Stay of the Proceedings. Plaintiff returned home that evening to discover that Defendants had waited to request to speak regarding the joint Proposed Final Pretrial Order via email until after 10 am that morning and then electronically filed a Defense Proposed Final Pretrial Order about an hour after that.

Plaintiff's Motions were denied without explanation. Plaintiff was ordered to a Show Cause Hearing.

Plaintiff then answered Defendants other Motion in limine with a Motion to Strike and a Motion for Leave to Amend the Complaint and to Extend Time, or in the alternative to Consolidate this Case with very closely related Case 2:13-CV-01770-DJH. Plaintiff's motions were denied at the Show Cause Hearing, again without explanation. The Court has not yet ruled on Defendants' Motions to bar evidence.

Plaintiff Pro Se emailed the Defense her desired witness list and exhibits, or the viewable internet location for the exhibits by noon on 3/20/2015, and then followed up with a separate email requesting discussion on how to proceed with the joint proposal but Defense counsel refused to accept the disclosure, made at the "last minute" for good cause, so Plaintiff attempted to finish a Plaintiff's Proposed Final Pretrial Order when her computer crashed. Plaintiff was unable to retrieve the data in time to complete and file it by 3/25/15.

Defendants filed and lodged a Proposed Final Pretrial Order which includes a witness list, and Plaintiff does not know whether or not it meets the requirements of the Court's standing Orders.

Recognizing the futility in trying to accomplish a fair trying of this case under the present circumstances, and most especially in the light of essential new evidence, Plaintiff borrowed a computer

and files this Motion to dismiss this case without prejudice in the interest of justice and the conservation of judicial resources.

**CONCLUSION**

WHEREFORE this case is not ready for trial and no fair trying of the case on its merits can be had under the present circumstances, Plaintiff Pro Se should not suffer legal prejudice due to extenuating circumstances beyond her control, or be held to a higher standard than the represented Defendants, and whereas the Plaintiff would suffer undue prejudice by proceeding to trial without meaningful discovery and essential evidence, and whereas the interest of justice demands that the damages suffered be evaluated against all available evidence, Plaintiff's Rule 41 (2) Motion to dismiss without prejudice must be granted.

RESPECTFULLY SUBMITTED this 1st day of April, 2015.

By: [signature]
Jennifer Marie Jones
Post Office Box 1320
Quartzsite, Arizona 85346
*Plaintiff, Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1st, 2015, I personally delivered the attached document to the Clerk's Office for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Larry J. Crown
Elan S. Mizrahi
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Attorneys for Defendants

A copy of the foregoing delivered this 1st day of April, 2015 to:

The Honorable James A. Tielborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, Arizona 85003

Jennifer Marie Jones

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Jennifer Marie Jones,

Plaintiff,

v.

Town of Quartzsite, et al.,

Defendants.

**No. CV-12-01383-PHX-JAT**

**ORDER**

**IT IS ORDERED** that Plaintiff's Rule 41(A)(2) Motion to Dismiss without Prejudice is **granted.**

Honorable James A. Tielborg

United States District Judge