Jennifer Marie Jones
PO Box 1320
Quartzsite, AZ 85346
(928) 785-6318
thedesertfreedompress@yahoo.com
Plaintiff in Pro Se

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones,<br><br>    Plaintiff,<br><br>vs.<br><br>Town of Quartzsite, et al.,<br><br>    Defendants. | Case No. CV-12-01383-PHX-JAT<br><br>**EMERGENCY MOTION TO VACATE TRIAL DATE AND SET A NEW TRIAL DATE**<br><br>(Assigned to the Honorable James A. Teilborg) |

    For the following reasons, Plaintiff Pro Se Jennifer Marie Jones hereby moves the court to vacate the trial date and set a new trial date which provides adequate time to prepare, to locate and serve subpoenas on witnesses, for all parties and their witnesses to make reasonable accommodations in order to appear in person, in order to avoid undue prejudice or hardship, and to avoid placing Defendant's home, property and animals in danger.

**ARGUMENT**

    This Emergency Motion is made in good faith and not to cause unnecessary delay. Indeed, Plaintiff is eager for a fair trying of the case but the current trial date of 5/26/2015

1

cannot possibly accomplish that goal and justice cannot be served by proceeding under present circumstances, which could not possibly have been anticipated or planned for.

Plaintiff had good reason to believe the trial was being postponed and did not understand that trial would proceed on 5/26/2015. On 5/5/2015 this Court issued the First Amended Pretrial Order (Doc. 70) and on page 12 it was clearly stated "This Order is the official Pretrial Order of this Court". On page eleven the Order (Doc. 70) stated "Proposed Trial Dates" of June 16, 2015 and June 23, 2015 and Plaintiff reasonably assumed that the Court was proposing new dates for trial in light of the sudden addition of her fourteen newly allowed witnesses pursuant to the Order dated 4/23/2015 (Doc. 66) which would expand the trial to twenty four witnesses and three video exhibits, so the "estimated length of trial" being "12 hours – Total" was logically unrealistic. Plaintiff had no reason to question the wisdom of the Court over what she honestly believed was the allowable exercise of discretion in changing the trial date, to accommodate a potentially longer trial and provide time for Plaintiff to locate, contact, command and coordinate the appearance of those fourteen witnesses, a virtually impossible scenario to overcome without postponing the trial. Plaintiff had only recently filed to receive electronic notification on this case and therefore did not have a digital copy of the Final Pretrial Order (Doc. 61) in the computer file she was working from, and, it having been stated that the First Amended Final Pretrial Order (Doc. 70, pg. 12) "supersedes the Final Pretrial Order" Plaintiff did not logically see any need to compare the two documents, the Final Pretrial Order being mooted. Therefore, Plaintiff was unaware that the "Proposed

Trial Dates" of June 16, 2015 and June 23, 2015 were actually a carryover from the earlier document that had not been changed to reflect the 5/26/2015 trial date.

Thirty nine days was wholly insufficient to locate witnesses, some of whom have moved and whose existence as properly disclosed witnesses was unknown to Plaintiff until 4/17/2015. Even if current addresses on all eligible witnesses could have been spontaneously discovered, it was not sufficient time to get subpoenas mailed to the Court to be stamped by the clerk and then served on those witnesses, who are apparently now scattered across the state, especially after allowing sufficient time for the stamped subpoenas to be mailed back to Plaintiff from the Court. Plaintiff does not own a car and cannot simply drive the 127 miles to the Court to have the Clerk issue subpoenas without additional time to arrange transportation. Plaintiff also requires additional time to retain a process server to serve the subpoenas, and seeks leave to have this done by the U.S. Marshall's Office, and Plaintiff requires sufficient time to apply for a fee waiver given her current financial situation. Justice would be served by setting a new trial date with sufficient notice so that Plaintiff can locate and serve subpoenas on all of her witnesses.

Thirty nine days is also insufficient for Plaintiff to prepare to question so many newly allowed witnesses. Plaintiff was informed at the 4/1/2015 Final Pretrial Conference that the case would be tried without exhibits and with Plaintiff being her only witness. And, thirty nine days is likely not sufficient time for Defendants to prepare to cross examine witnesses that were not on the Defendant's proposed Final Pretrial Order which the Court adopted at the Final Pretrial Conference on 4/1/2015. Justice would be

served by setting a new trial date so that all witnesses can be questioned in sufficient detail so as to allow the jury to reasonably determine the facts of the case.

Twenty two days was also insufficient for Plaintiff to convert the video exhibits to the required format by the Courts, as "It is a different format than that of a laptop computer" according to a 5/4/2015 email from Courtroom Deputy Teddy Bengston. Plaintiff did locate the "Electronic/Video Systems in Phoenix Courtrooms" instructions on the Court's website, but was unable to locate and download useable software to copy video clips from the website they are publicly viewable on, and to burn the required CD copies. Plaintiff's repeatedly repaired lap top computer stopped working again the first week of May, and Plaintiff currently has no way to repair it, cannot afford to replace it at the present time and cannot locate a laptop computer to borrow for trial on such short notice. Justice would be served by setting a new trial date so that Plaintiff can properly prepare her recently allowed video exhibits.

Fifty five days from the date set at the Final Pretrial Conference on 4/1/2015 has been wholly insufficient for Plaintiff, who was previously represented by counsel, to prepare for a trial in pro se. Plaintiff did not anticipate trying this case without representation and respectfully reminds the Court that she would not be trying this case in pro se if not for the Court's Order releasing her counsel after she would not do so. Plaintiff's attorney filed a Motion to Withdraw as Counsel (Doc. 38) which contained a request "that, in the interest of justice, the Court permit Plaintiff some additional reasonable time to retain new counsel". Although that Motion (Doc. 38) was granted (Doc.41) no additional time was given to Plaintiff Pro Se to find replacement counsel.

Pursuant to the Order Setting Final Pretrial Conference (Doc 42-1) unrepresented Plaintiff had only sixty four days to learn all applicable Rules in order to prepare a draft of the joint Proposed Final Pretrial Order, which Plaintiff was unable to do despite turning away work and making an extraordinary and time consuming effort that caused serious financial hardship. This court then denied Plaintiff's Motion for an Emergency Stay of Proceedings without explanation, denied Plaintiff's Motion to Consolidate this case with a closely related Case 2:13-cv-01770-DJH without explanation, and then denied Plaintiff's Motion to Dismiss Without Prejudice (Doc. 62). Plaintiff Pro Se has essentially been forced to proceed on what appears to be unusually fast track without reasonable time to prepare for the rigors of trial. Plaintiff has also continued to try and retain replacement counsel but has been unable to do so because of the track this trial has been on. Plaintiff did not foresee trying this case without representation but is amenable to doing so with reasonable time to prepare. However reasonable time to prepare to try this case has not been granted. Justice would be served by setting a new trial date with sufficient notice so that Plaintiff may reasonably prepare for a fair trying of the case in pro se.

    Plaintiff also takes issue with a nearly last minute Order (Doc. 74) granting Defendants Motion (Doc. 72) for two key witnesses to testify by telephone without "good cause in compelling circumstances and with appropriate safeguards" as required by FRCivP 43(a), and Plaintiff has filed a separate Motion on that issue. Plaintiff was in the process of filing a Response to Defendants Motion (Doc. 72) when the Court issued an Order (Doc. 73) demanding an expedited response deadline that Plaintiff could not

reasonably meet.. Justice would be served by setting a new trial date with sufficient notice so that all available witnesses could testify in open court.

Plaintiff Pro Se has made every reasonable effort under extraordinary circumstances to comply with all of the Court's Orders since being deprived of counsel by Order of this Court in December, 2014. Plaintiff has made a rapid and diligent effort to learn the applicable Rules, possible legal precedents and case law, and to understand the language of the Court and its' orders, and to comply with those Rules and Orders as she understood them and there has been no bad faith.

Plaintiff understands that litigation can create hardship and had begun to prepare for trial over a year ago. In the spring of 2014, Plaintiff even reduced the publication schedule of her free newspaper from twenty issues a year to only four, in order to free up time and to reduce her obligations to readers and advertisers. After her business was damaged beyond repair by monsoons in the summer of 2014, she obtained another facility and even though her ability to ply her trade as a pet groomer was greatly reduced by the injury she sustained from the cause of action that gives rise to this case, Plaintiff chose to continue to work in constant pain to try and save enough money to afford the trip to Phoenix for trial. Despite substantial financial investment since the 4/1/2015 Final Pretrial Conference, Plaintiff has been unable to make her vehicles roadworthy for the 127 mile trip to Court. Plaintiff purchased an engine for her motor home and had it installed. Plaintiff purchased a 1967 travel trailer because her 1956 travel trailer was unsuitable to transport her dogs. Plaintiff purchased additional 12 volt solar power equipment for her recreational vehicles. Plaintiff replaced flat tires. Plaintiff has now

exhausted her financial resources in an attempt to make the necessary physical preparations to attend trial on such short notice. Plaintiff cannot currently afford to replace the remaining unsafe tires and broken windows and door locks on her vehicles and Plaintiff cannot leave her home and property unsecured to meet the currently set trial date. In order to free up time to meet the demands of the Court, Plaintiff has had to forgo any meaningful means of income since the first week of February, 2015. Quartzsite is a small unconventional rural town which derives the majority of its' revenue from the six week winter show and event season and associated tourist revenue. Most businesses are only open seasonally and jobs are scarce in the off season. The window for Plaintiff to earn any meaningful income has closed for 2015. Justice would be served by setting a new trial date with sufficient notice so that Plaintiff can sell off personal items and repair her vehicles for the trip.

Plaintiff informed the Court at the 4/1/2015 Final Pretrial Conference that it would be animal cruelty for her dogs to be unattended in hot weather she would not be available during hot weather and this Court agreed. Although the earlier part of this month has been unusually cool the current forecast is for high temperatures of 95 degrees and climbing daily as of the current trial date. Plaintiff has reviewed an archive of average monthly temperatures for the months of May through October and it is not expected to be cool enough for Plaintiff's dogs to be safe until the first week of October. There are no alternate arrangements that can be made for Plaintiff's dogs at this time. Justice would be served by setting a new trial date after October 10th so that Plaintiff's dogs are not endangered.

Justice demands a fair trying of this case. The Court's only stated reason for setting trial so quickly was an oral comment at the Final Pretrial Conference on 4/1/2015 stating that this case would be nearing three years from the filing date. However, it is not uncommon for cases to play out over twice that long while pretrial issues are properly resolved. In context it should be noted that, of the nearly two years and eleven months that has transpired as of this date, this Court used up over seven months of it to just rule on Defendant's previous Motion (Doc. 22). If the Court has fast tracked or expedited this trial for any reasons heretofore unstated and unknown to Plaintiff, then Plaintiff has no objection to the Honorable James A. Teilborg recusing himself and assigning the case to another judge or magistrate in order to accommodate the calendar availability.

No previous motion to vacate the trial date has been made and due to the emergency nature necessitating this Motion, and the Memorial Day weekend, Defendants' position on setting a new trial date is unknown.

In the absence of vacating the trial date, Plaintiff has not and will not have had sufficient time to prepare for trial and is unable to proceed today. Justice can only be served by vacating the current trial date and setting a new trial date.

## CONCLUSION

WHEREFORE good cause has been shown based on the foregoing, and whereas Plaintiff has been unduly prejudiced by the hardship of circumstances as pled and it is not reasonable to expect Plaintiff Pro Se to overcome those issues in order to meet the demands of the current trial date, and whereas even victims who live in their vehicle

and/or are of limited financial means deserve the opportunity to obtain justice for having their Rights violated and for wrongs done against them, and whereas it is within the Court's discretion to do so, Plaintiff's Emergency Motion to Vacate the Trial Date and Set a New Trial Date after October 10, 2015, must be granted in the interest of justice.

RESPECTFULLY SUBMITTED this 26th day of May, 2015.

By: *[signature]*
Jennifer Marie Jones
Post Office Box 1320
Quartzsite, Arizona 85346
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26th, 2015, the attached document was hand delivered to the Clerk's Office for filing and to the following:

Larry J. Crown
Elan S. Mizrahi
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Attorneys for Defendants

A copy of the foregoing delivered this
26th day of May, 2015 to:

The Honorable James A. Teilborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, Arizona 85003

*[signature]*
Jennifer Marie Jones