Jennifer Marie Jones
PO Box 1320
Quartzsite, AZ 85346
(928) 785-6318
thedesertfreedompress@yahoo.com
Plaintiff in Pro Se



# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Marie Jones, <br><br> Plaintiff, <br><br> vs. <br><br> Town of Quartzsite, et al., <br><br> Defendants. | Case No. CV-12-01383-PHX-JAT <br><br> **EMERGENCY MOTION TO RECONSIDER AND RESCIND ORDER GRANTING DEFENDANTS' MOTION FOR WITNESSES TO TESTIFY BY TELEPHONE** <br><br> (Assigned to the Honorable James A. Tielborg) |

Plaintiff Pro Se Jennifer Marie Jones hereby moves this Court to reconsider and rescind the 5/21/2015 Order (Doc. 74) granting the Defendant's Motion for Witnesses to Testify by Telephone (Doc. 72) for good cause, and in support thereof pleads the following:

**LEGAL STANDARD**

FRCivP 43.(a) "**At trial, the witnesses' testimony must be taken in open court** unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For **good cause in compelling circumstances**

and **with appropriate safeguards,** the court **may** permit testimony in open court by contemporaneous transmission from a different location." (Emphasis added)

Courts may use the "standards set forth in Rules 59(e) and 60(b) . . . as guideposts in determining whether reconsideration is warranted." Robinson v. Fountainhead Title Grp. Corp., 252 F.R.D. 275, 291-92 (D. Md. 2008) (citations omitted). Under Rule 59(e), a court may alter or amend a judgment "in three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) **to correct a clear error of law or prevent manifest injustice.**"(Emphasis added) Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (citations and internal quotation marks omitted).

**STANDARD OF REVIEW**

Air Turbine Technology, Inc. v. Atlas Copco AB, 410 F.3d 701, 714 (11th Cir. 2005) (affirming denial of a motion for video testimony—"a matter expressly reserved to the sound discretion of the trial court"—where no compelling circumstances were shown and the motion was brought just one month before trial);

Lawrence v. Delkamp, 750 N.W.2d 452, 455-57 (N.D. 2008) (affirming trial court's decision to disallow telephonic testimony because there were not adequate safeguards in place, including someone on site with the witness to administer the oath); and

Dunsmore v. Dunsmore, 173 P.3d 389, 392-93 (Wyo. 2007) (affirming the trial court's decision to rescind its order to allow telephonic testimony because it was within the court's discretion).

It is well settled and understood that a motion for reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990), (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rule 59(e) relief is also appropriate when a legal error has been committed due to inadvertence or misapprehension. See Waunakee, 906 F.2d at 1191-92 (quoting Belmont v. Erie Ry., 52 Barb. 637, 641 (N.Y. Sup. 1869) (Cardozo, J.)). Otherwise, ignoring properly preserved legal error timely brought to the district court's attention after the entry of judgment would put the parties through the unnecessary expense and delay of having to appeal the case to get the error corrected. Divane v. Krull Electric Co., 194 F.3d 845, 850 (7th Cir. 1999) (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)). Thus, a "Rule 59(e) motion to alter or amend a judgment properly may be used to ask a district court to reconsider its judgment" United States Labor Party v. Oremus, 619 F.2d 683, 687 (7th Cir. 1980). Accord Danenberger v. Johnson, 821 F.2d 361, 363 (7th Cir. 1987); Reich v. Local 1, American Postal Workers Union, AFL-CIO, 1994 U.S. Dist. LEXIS 1118, 1994 WL 33971 *1 (N.D. Ill. Feb. 4, 1994). See also Ray E. Friedman & Co. v. Jenkins, 824 F.2d 657, 660 (8th Cir. 1987)

(Rule "59(e) provides a means 'to support reconsideration [by the court] of matters properly encompassed in a decision on the merits.' White v. New Hampshire Department of Employment Security, 455 U.S. 445, 451, 71 L. Ed. 2d 325, 102 S. Ct. 1162 (1982). Rule 59(e) of the Federal Rules of Civil Procedure does not list the "specific grounds for a motion to amend or alter[.]" Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). A district court therefore "enjoys considerable discretion in granting or denying the motion." Id.(internal quotation marks and citation omitted).

## ARGUMENT

Defendants' essentially last minute Motion for Witnesses to Testify by Telephone filed on 5/12/2015 appears to be timed so as to give Defendants strategic advantage and prevent Plaintiff from have adequate time to file a proper response. Defendants were aware of their own witnesses when they disclosed them to Plaintiff's first attorney sometime in September, 2013. Defendants were admittedly aware and asserted that the witnesses "shall testify" at trial while drafting their Proposed Final Pretrial Order filed on 3/25/2015 Therefore Defendants have had at least forty nine days to arrange the in person appearance of these two known witnesses as of the date they filed the Motion at issue, having been aware of them for nearly two years. By contrast, Plaintiff was unaware that she even had any properly disclosed witnesses until provided that information by opposing counsel on 4/17/2015.

Upon information and belief, Witness Lukkasson had not yet left on vacation when Defendants stated that this witness "shall testify" and Lukkasson's voluntary

decision to travel outside of the state is not "good cause in compelling circumstances" for him to testify by telephone. Likewise Witness Walsma's only claim to hardship is that she must travel to the Courthouse from Yuma, Arizona. This is an absurd claim as the driving distance calculated from her office in Yuma to the Courthouse is only 184 miles. If this were an actual travel hardship then equity would logically dictate that the Plaintiff Pro Se should be allowed to phone in her entire presentation of the case in light of the severe travel hardship imposed by trial, given that the Plaintiff does not even own a car and must arrange to travel 127 miles with several dogs and remain in the immediate area of the Court for a trial that could last several days. Witness Walsma having to drive to Court for perhaps a day is not "good cause in compelling circumstances" for her to testify by telephone.

The Court's Order (Doc. 74) granting the Motion at issue (Doc. 72) makes no provision for "appropriate safeguards". Appropriate safeguards must be adopted that ensure accurate identification of the witness and witness of their oath, and which also protects against influence by persons who may be present with the witness. If these key witnesses testify by telephone then there is no way to assure they are the person they are purported to be or to know if the witness is being coached in any way and/or researching related information online in order to formulate a response that prejudices the Plaintiff instead of answering spontaneously and unassisted in view of the jury.

Although there is no Rule which specifically defines the circumstances under which telephonic testimony may or may not be given, we must to look to the Ninth Circuit Model Civil Jury Instructions, 1.11 (3)(7) which clearly states "In considering the

Emergency Motion for Reconsideration of Order granting Telephonic Testimony

testimony of any witness, you may take into account: the witness's manner while testifying;" and "any other factors that bear on believability." In other words, the jury must be able to see the witnesses provide their testimony so that the jury may adequately weigh their credibility. Credibility determinations are based on not just the tone of voice, but also on other important physical actions such as eye contact, body language, and many other signals that just can't be interpreted through a phone call. The opportunity to judge the demeanor of a witness face-to-face is traditionally accorded great value. "Demeanor is of the utmost importance in the determination of the credibility of a witness. The innumerable telltale indications which fall from a witness during the course of his examination are often much more of an indication...of his credibility and the reliability of his evidence than is the literal meaning of his words." Gov't of the Virgin Islands v. Aquino, 378 F.2d 540, 548 (3d Cir. 1967).

The importance of presenting live testimony cannot be discounted. Indeed, the very ceremony of trial and the presence of the fact finder may exert a powerful force for truth telling. Defendants have articulated no unreasonable or preventable hardship, or :good cause in compelling circumstances" upon which the Court may grant their Motion. Telephonic testimony cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. Merely vacationing in another state, or having to drive to court does not justify a carte blanche order of telephonic appearance at trial. Moreover, Defendants were long aware that the ten witnesses listed in their 3/25/15 Defendant's Final Pretrial Order "shall be called at trial" and Defendants have had adequate notice and time to make suitable accommodation, whereas Plaintiff was only given less than a

month's notice from the entry of the Order (Doc.66) allowing her to have witnesses of which she was previously unaware, to attempt to locate, contact, command and coordinate the appearance of those fourteen witnesses for a trial that would potentially last several days.

The Supreme Court stated that the Confrontation Clause ensures that the jury may look at a witness "and judge by his demeanor...whether he is worthy of belief." <u>Mattox v. United States</u>, 156 U.S. 237, 242-43. Although this is not a criminal trial, the Defendants only defense to the Plaintiff's Claims is that Plaintiff was allegedly "disrupting and impeding the Quartzsite Town Council meeting" and "Plaintiff was lawfully removed from the meeting." therefore by extension Plaintiff had allegedly violated some statute, code, ordinance or rule, essentially falsely accusing the Plaintiff of criminal acts. Indeed, most of the Defendants and their witnesses have given sworn statements and/or oral testimony to that effect, regarding the incident at issue, as documented in the Arizona Department of Public Safety investigative Report DR-2011-031979. Plaintiff asserts that she has the right to confront Defendants' witnesses in person and to question them regarding their accusatory statements against her, and for the jury to judge by their demeanor as to whether they are worthy of belief.

Plaintiff does not wish to appear unreasonable, and therefore, to the extent that the Court sets hearings or other appearance dates that do not require the presentation of witnesses or evidence, Plaintiff understands that there may be some circumstances where it would be appropriate for telephonic appearance and Plaintiff even misunderstood the 5/13/2015 text only Order (Doc. 73) to be one of those instances. However, the trial is not

one of those situations. In fact, the personal appearance of these witnesses is crucial at trial, because it is their personal conduct which gave rise to the basis for the Plaintiff's Claims and it is very likely that the witnesses would be asked to view the video exhibits and give testimony regarding the contents of those exhibits. This would be impossible without the witnesses being physically present in the courtroom.

Despite Defendants' assertion that these key witnesses are "nominal" and will only be giving "limited testimony", nothing could be further from the truth. Defendants' statement that "each being an approximately ten-minute witness" is completely unrealistic given that Plaintiff anticipates rigorous cross examination of these witnesses regarding the statements they provided to the Arizona Department of Public Safety contained in the 116 page Report DR-2011-031979.

Of note, although not definitive for Civil Court, United States Bankruptcy Court for the District of Arizona Chief Judge Daniel P. Collins' Policy 2.5.1 stipulates "A telephonic appearance is to be made only in emergency situations and for out of town/state counsel. Telephonic appearances are not allowed in the following situations: Trials and Evidentiary Hearings (all counsel and all witnesses must appear in person unless the Court has expressly approved telephonic appearances)." and Policy 2.5.2 stipulates: "Judge Collins does not grant telephonic appearances unless counsel is out of town or lives out of state.". Similarly, the Honorable Neil V. Wake opined "The Court generally allows out-of-state counsel and parties to appear by telephone in non-evidentiary proceedings. However, witnesses are not permitted to testify or offer evidence by telephone absent justifying circumstances. The cost and time of travel are

rarely sufficient justification...Possible issues of credibility and the practicalities of presenting evidence require live presence of witnesses." - Order denying Defendant's Motion to Appear by Telephone, <u>Xcentric Ventures, LLC v. Richeson</u>, CV 10-1931-PHX (Doc. 19).

Plaintiff could not possibly have filed an expedited response by the deadline of 12:00 noon on 5/18/2015 that was demanded as per the 5/13/2015 text only Order (Doc. 73) even if she had received it immediately, which she did not. It is unreasonable to give Plaintiff Pro Se less than five days to research and prepare a proper response to Defendant's Motion (Doc. 72) when LRCiv 7.2. provides for a standard response time of fourteen days. Plaintiff recently signed up for electronic notification on this case but is not eligible to file electronically, as Plaintiff cannot meet the requirements. Plaintiff does not own a car and cannot travel 127 miles to the Court to file documents without advance notice to make appropriate arrangements, and Plaintiff informed the Court of the hardships of her unusual current living situation at the 4/1/2015 Final Pretrial Conference. Plaintiff is not an attorney, has other legal filing deadlines including a pending pro se criminal appeal in the La Paz County Superior Court, has no formal legal training and requires more time to research the subject matter and applicable case law and prepare case filings than an attorney with support staff, and has other time sensitive contractual obligations. Indeed, Plaintiff Pro Se requires the maximum amount of time allowable to respond to any filing or order on this case so as to formulate a proper response. Plaintiff has been living in the undeveloped desert within Quartzsite Town limits, without electricity, and relies on others for assistance with things such as

transportation, internet access and document printing. Postal hours in Quartzsite are limited and the Post Office there is closed on weekends, and being that Quartzsite is a remote rural municipality the delivery guarantee for Priority and Express Mail are longer than in the greater Phoenix area. Plaintiff did not even see the electronic notification of the 5/18/2015 deadline Order (Doc. 70) until the evening of Saturday 5/16/2015 when she discovered the email in her "spam"/bulk mail folder. Moreover, the Order (Doc. 74) acknowledges that the Defendants' Motion (Doc. 72) was filed "two weeks before trial was to begin" and "trial is set to begin in four days, three of which are weekends and holidays". In apparent apprehension this Court has hastily erred in favor of Defendants creating a manifest injustice against Plaintiff by depriving her adequate time to respond and subsequently denying her the right to question witnesses in open court and have the jury judge their believability, claiming "the Court can wait no longer" when in truth the Court can wait as long as it pleases within reason, the scheduling of proceedings clearly being within the jurisdiction of the Court.

FRCivP 43(a) is clear and unambiguous when it states, "At trial, the witnesses' testimony must be taken in open court...". While "the court may permit testimony in open court by contemporaneous transmission from a different location." it may do so only for "good cause in compelling circumstances and with appropriate safeguards". As there is no good cause in compelling circumstances for these two witnesses to testify by telephone, as whereas no appropriate safeguards have been provided for, Plaintiff asserts that the Court has made an error that is direct, obvious and observable and must rescind its' Order (Doc. 74).

## CONCLUSION

WHEREFORE Plaintiff Pro Se should not be punished due to extenuating circumstances beyond her control, or be given less latitude than the represented Defendants, and whereas the Plaintiff would suffer undue prejudice by proceeding to trial without being able to question Defendant's witnesses while present in the Courtroom and have the jury determine their believability, this Court must correct it's error so as to prevent manifest injustice and grant Plaintiff's Motion to Reconsider and Rescind Defendants' Motion granting Defendant's Motion for Witnesses to Appear by Telephone.

RESPECTFULLY SUBMITTED this 26th day of May, 2015.

By: *(signature)*
Jennifer Marie Jones
Post Office Box 1320
Quartzsite, Arizona 85346
*Plaintiff, Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26th, 2015, the attached document was hand delivered to the Clerk's Office for filing and to the following:

Larry J. Crown
Elan S. Mizrahi
**TITUS BRUECKNER & LEVINE PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Attorneys for Defendants

A copy of the foregoing delivered this
26th day of May, 2015 to:

The Honorable James A. Tielborg
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 524
401 West Washington Street, SPC 52
Phoenix, Arizona 85003

*[signature]*

Jennifer Marie Jones

Emergency Motion for Reconsideration of Order granting Telephonic Testimony