UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

| | | |
|---|---|---|
| Jennifer Marie Jones, | ) | |
| | ) | |
| Plaintiff, | ) | CV-12-01383-PHX-JAT |
| | ) | |
| vs. | ) | Phoenix, Arizona |
| | ) | May 26, 2015 |
| Town of Quartzsite, et al., | ) | 9:10 a.m. |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  THE HONORABLE JAMES A. TEILBORG, JUDGE

REPORTER'S TRANSCRIPT OF PROCEEDINGS

JURY TRIAL/MOTION TO CONTINUE/MOTION TO DISMISS

Official Court Reporter:
Elva Cruz-Lauer, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 33
Phoenix, Arizona  85003-2151
(602) 322-7261

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

1                          <u>A P P E A R A N C E S</u>

2    For the Plaintiff:

3                In Propria Persona
                 By:  Jennifer Marie Jones
4                P.O. BOX 1320
                 Quartzsite, AZ  85346
5
     For the Defendants:
6
                 Titus Brueckner & Levine, PC
7                By: Larry J. Crown, ESQ.
                 8355 E. Hartford Dr., Ste 200
8                Scottsdale, AZ  85255

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                       UNITED STATES DISTRICT COURT

1        P R O C E E D I N G S

2            THE COURT:  I will ask the clerk to call the next

3    matter, please.

4            COURTROOM DEPUTY CLERK:  This is civil case 12-1383,

5    Jennifer Jones versus Town of Quartzsite.

6            This is the time set for a jury trial.

7            Please announce your presence for the record.

8            THE COURT:  We are inviting the parties to announce

9    their presence for this matter.

10            MS. JONES:  Jennifer Jones, plaintiff.

11            THE COURT:  Good morning.

12            MR. CROWN:  Good morning, Judge.  Larry Crown on

13    behalf of all of the defendants.

14            THE COURT:  Good morning.  All right.  This is the

15    time set for trial in this matter.

16            The Court has received two filings by the plaintiff.

17    One is captioned, emergency motion to reconsider and rescind

18    the order granting defendant's motion for witnesses to testify

19    by telephone.

20            The Court has reviewed that and that motion is denied.

21            The Court has also received the plaintiff's, quote,

22    emergency motion to vacate the trial date and set a new trial

23    date, and as I understand the defense has now received a copy

24    somehow and reviewed it; is that correct?

25            MR. CROWN:  It is correct.

 1          THE COURT:  All right.  And the Court has reviewed it
 2   as well.
 3          Ms. Jones, do you have anything to add to what you
 4   have said in writing?
 5          MS. JONES:  Yes, Your Honor.  I would just like --
 6          THE COURT:  Come to the podium, please.
 7          MS. JONES:  Thank you.
 8          Yes, good morning, Your Honor.  I would like to add
 9   that -- two specific issues.  One that I did not address in the
10   motion, which was the majority of my witnesses are police
11   officers.  One is a clerk for the La Paz County Attorney, and I
12   think a couple are now employed by the Sheriff's Department.
13          When I investigated and attempted to locate and
14   contact these witnesses, it was made clear to me that the issue
15   of getting subpoenas to them -- another one is a town manager
16   for a town quite far away, and that it would be impossible for
17   them to testify without a subpoena with an adequate time to
18   arrange their schedules as public servants, especially in light
19   of the fact that so many of them are public safety officers.
20          At least three within the Colorado River Indian
21   Tribes, two within the Quartzsite Police Department, again, two
22   within the Sheriff's Department, two of them I have been unable
23   to locate.  So in the interest of public safety and scheduling
24   to cover the shifts, just could not find a way to do all of the
25   things that I laid out in the motion.

1          The other thing that I would just like to remind the

2     Court is that at the pretrial conference, one of the things

3     that I said specifically was that it was not possible for me to

4     travel for a trial without having been able to make adequate

5     arrangements for my show dogs.

6          I made every possible effort to locate a place here in

7     Phoenix where I could park such a large motor home with a

8     travel trailer.  The sum total of the two together is longer

9     than a semi truck.

10          I even reached out to people through social networking

11     such as Facebook.  I was unable to find anyone within a

12     reasonable distance who could accommodate them with

13     electricity.  I do not have a working generator.  I was able to

14     get the carburetor rebuilt.  I was not able to get it put back

15     together in time.  I replaced the engine in the motor home.  I

16     even bought a different travel trailer.

17          I made every financial and personal effort to try to

18     accommodate this date, but the temperature today is expected to

19     be at least 95 degrees and climbing, and the Court and I did

20     agree at that date that it would be animal cruelty for me to

21     leave my dogs unattended in my travel trailer.  I cannot leave

22     them for very long, even today because I could not bring them

23     with me.  I need to get back to check on them.

24          I did purchase solar powered equipment.  I do have

25     fans and things going to accommodate them, but I need to be

1    physically present.  There is no one in La Paz County who does

2    boarding, especially not to accommodate that many dogs.

3            As a matter of fact, I am the only person that I am

4    aware of who does that sort of thing and has those sort of

5    accommodations, or has in the past.

6            And I am just -- as I stated it on the April 1st

7    pretrial conference, I am unwilling to commit an act of animal

8    cruelty, what I perceive to be or to endanger that, with that

9    on my mind, I cannot even focus on the task at hand.  And, you

10   know, I am throwing myself, at this point, on the mercy of the

11   Court with the holiday weekend, and the fact that I am unable

12   to qualify for electronic filing.  I had no other option but to

13   plead the facts as I listed them and file it first thing this

14   morning, and that's all I can really say, Your Honor.

15           THE COURT:  Did you have subpoenas issued for these

16   witnesses?

17           MS. JONES:  No, Your Honor.  I did not have subpoenas

18   issued because of the reasons stated in the motion.  I looked

19   online to see -- to print them off, what I needed to do.  I

20   also researched what it would take to get someone to serve

21   them, and I did not feel -- I mean, there was just no physical

22   time.

23           30 -- basically, essentially, a month.  Not having

24   witnesses -- if I had these witnesses disclosed to me prior to,

25   you know, the date that Mr. Crown was able to give them to me,

1    if I had these people in advance, as I said, I discovered that

2    they have changed employment.  They have moved out of town.  I

3    don't have even working addresses for them.

4         I would have to mail the subpoenas, have them stamped,

5    have them mailed back to me.  I don't have -- I don't own a

6    car.  I can't drop everything and drive 127 miles.  I have made

7    multiple trips here at financial expense.  I have made every

8    effort to meet every deadline.  I just -- I knew there was no

9    physical way I could get someone to serve people all over the

10   state of Arizona.  One of the police officers, I believe, is

11   working with a department all the way near New Mexico.

12        THE COURT:  At the final pretrial conference, on April

13   1, as we were discussing trial dates, you did indeed indicate

14   to me that you were:  Quote, unavailable to travel in the month

15   of July because of the heat.  I have no vehicle.  I have no way

16   to leave my animals unattended.  It would be tantamount to

17   encouraging me to commit animal cruelty to leave them abandoned

18   for two days.

19        And then I explored other possibilities, and finally

20   defense counsel indicated, contrary to what I think was

21   originally his calendar conflicts, he indicated he was

22   available May 26th and 27th.

23        And then -- I have got the transcript right in front

24   of me.  And I said:  Well, let me ask the plaintiff, do you --

25   do you have -- do you have any objection to the -- either the

1    26th and 27th or 27th and 28th?

2            And your response was:  Quote, either day is just as

3    good or bad as long as it's not July or August.  To which I

4    said, the Court said:  Okay, well, I share your concern for

5    animals, so let's do it the 26th and 27th.  And then I went on

6    to say 26th and 27th.  Jury selection, 9:00 o'clock the 26th.

7    All right, thank you.

8            That's what was said at the final pretrial conference.

9            Do you remember that?

10           MS. JONES:  Yes, Your Honor.  With all due respect at

11   the final pretrial conference we were setting a trial for a

12   jury wherein I had no witnesses and no exhibits.  And, you know

13   --

14           THE COURT:  And when did you find out that you were

15   going to -- through the efforts of the Court I might add, to

16   make it -- to dig up the original disclosure statement that was

17   filed and prompted the Court to enter a final -- an amended

18   proposed order, a first amended final pretrial order was issued

19   by the the Court on May 5, correct?

20           MS. JONES:  Yes, Your Honor, 21 days.

21           THE COURT:  And yet you waited until Friday -- this

22   past Friday to file a motion to continue.  You didn't file a

23   motion to continue on May 5, did you?

24           MS. JONES:  And the reason that I did not file a

25   motion to continue on May 5 was, I had recently, prior to

UNITED STATES DISTRICT COURT

1    receiving that through electronic notification, I had been

2    getting my notices in the mail by U.S. Postal Service.

3            When I received that amended, first amended final

4    pretrial order, I received it electronically and I downloaded

5    it onto an external drive.  On that amended order, it did not

6    reiterate the date of May 26th.

7            THE COURT:  No, it reiterated the date that was in the

8    original proposed -- and those were proposed dates.

9            MS. JONES:  Yes, and I misunderstood that.

10            THE COURT:  And they were the same dates that were

11    originally proposed.  They were just carried forward, weren't

12    they?

13            MS. JONES:  And not having both copies,

14    electronically, digital copies side by side, and also the

15    amended order basically, essentially mooting the other one, I

16    didn't -- and given the lateness of the hour, I honestly openly

17    admit that I did not go searching around for the one from weeks

18    earlier.

19            I looked at the one that was sent to me, which

20    superseded anything before it, and I saw proposed dates and I

21    thought we were back to the point of proposing dates.  I

22    really, truly, honestly, given that I only had 21 days and

23    spontaneously had 15 witnesses to prepare questions for, to

24    locate, if I could, to get subpoenas issued for, to get

25    subpoenas served for, nowhere in my logical mind did it occur

1   to me that the May 26th date was being carried over.  I saw

2   June.  I thought, okay, we are back to setting dates again

3   because now the case has changed from a two-day case with no --

4   with no plaintiff's witnesses and no exhibits to video

5   exhibits.

6           I need to find a computer program to download from the

7   Internet.  I need to contact the audio/visual department.  I

8   need to make sure that things are formatted.  I need to find

9   someone to loan me a computer.  I have worked this poor laptop

10  computer since January to the point -- I have had it repaired

11  several times.  The button that turns it on fell off.

12          I literally -- Quartzsite is a very unusual town

13  lacking what would be considered normal services here in the

14  city.  My availability to even -- you know, there's no Staples.

15  There's no -- you know, the things that normally people in this

16  area would access in order to make last minute preparations are

17  not available to me.  I have done everything I can.

18          THE COURT:  I notice that these motions, which were

19  docketed at least this morning, and obviously have been filed

20  since Friday, the Emergency Motion to Reconsider and Order

21  Granting Defendant's Motion for Witnesses to testify by

22  Telephone, that's a -- that's an 11-page document all, at least

23  on the surface of it, being prepared in a way that lawyers

24  might prepare something.  And it has got all kinds of case

25  citations and citations to the rules, and, frankly, in many

1    ways, is a masterpiece of effort.

2            How long did you spend preparing that?

3            MS. JONES:  I received Mr. Crown's motion on the 12th,

4    and I happen to be checking my email, so I did receive -- he

5    sent it to me.

6            THE COURT:  How many hours did you spend on that?

7            MS. JONES:  Every waking moment from the 12th until

8    last night at about 10:00 p.m.

9            THE COURT:  So, I mean, you literally spent days and

10   days on this.

11           MS. JONES:  Yes, it was originally a response to his

12   motion.  But when you issued your order, which I didn't get

13   right away, I was working on it as a response.  I was

14   researching the case law and doing everything I needed to do to

15   respond with the belief that I would have 14 days to respond

16   pursuant to the rules, and in the belief that I thought we were

17   resetting the date.

18           So I was working on it and working on it and working

19   on it, and then when I did discover your order on Saturday

20   night, I was searching my email for a press release from the

21   police department, when I notice that you had ordered that the

22   response be due by Monday at noon.

23           I called your law clerk Monday morning and said, I

24   have been working on a response and I can't possibly physically

25   get it to the Court.  You acknowledged in your order on that,

1    that I did call and do that.  I worked Monday, I worked

2    Tuesday, I worked Wednesday, I worked Thursday, by Friday

3    morning you had issued an order, I believe, that said you

4    couldn't wait any longer.

5          I had it finished, and I was going to mail it Friday

6    morning because I could not find a ride here last week with a

7    holiday weekend approaching.  So it was too late to file it,

8    and I -- I am very flattered that you consider it a

9    masterpiece, because I did work very, very hard on it, but it

10   was actually my response.

11         So I reformatted it over the weekend and turned it

12   into a motion.  It was very hard to find case law and

13   information on that particular subject because there is no

14   specific rule that details under which circumstances someone

15   may or may not appear telephonically.

16         THE COURT:  Well, and one of the points I was

17   suggesting was that if the time that you had spent on that had

18   been spent on getting subpoenas out and getting witnesses ready

19   for this trial, we would be in a different situation than we

20   are today.

21         Likewise, the emergency motion to vacate the trial

22   date is a 8- or 9-page seemingly well formatted document.

23   So -- and if the time and talent that you seem to demonstrate

24   had been spent working and obeying the Court's earlier orders,

25   including the cooperation with the defense lawyer and preparing

1  a proposed final pretrial order had been forthcoming, you

2  wouldn't have come as perilously close as you did to having

3  your case dismissed as a sanction for failing to cooperate with

4  defense counsel in preparing that proposed final order.

5          MS. JONES:  Well, at the time that I was being

6  required to prepare the proposed final order, I was not

7  prepared to proceed in pro se.  I didn't even anticipate that

8  so close to a final pretrial conference, that you would grant

9  my attorney's motion to be relieved as counsel.

10          I wouldn't grant it.  I knew that I was not prepared

11  to proceed in pro se, which is why I wouldn't grant their

12  request.  Honestly never in a million years dreamed that you

13  would grant that order, and then not allow -- their order

14  specifically asked that I be allowed time to find counsel.

15          Well, that was the Christmas holiday.  I called

16  several attorneys over Christmas and New Year's.  I could not

17  get anyone to answer me.  I must have spent at least two weeks

18  maybe three, desperately reaching out to attorneys, most of

19  whom don't actually litigate and aren't trial lawyers.

20          I even went to the inaugural where everyone was sworn

21  in and asked Governor Jan Brewer's son to take a look at the

22  case, and he said he would and I gave it to him and he didn't

23  answer me.

24          At that point, I had a very short window to learn the

25  federal rules and the local rules, to read 400 -- I believe it

1    is 472 pages of proposed jury instructions.  I had a very

2    narrow window to prepare what basically amounts to nearly 100

3    pages of work product to prepare to provide that information to

4    the defense in the format stipulated by the Court.  It has been

5    less than 6 months, I believe, and I do feel that I am learning

6    at a very rapid pace, and that I am capable of proceeding in

7    pro se, even though it was completely unanticipated.

8          And I do appreciate the Court's confidence in my more

9    recent filings that they are more competent than what I was

10   tasked to do at the beginning.

11         THE COURT:  Well, let me just make sure you are clear

12   on what I am saying.  The formatting of it and the amount of

13   effort that went into it, at least on its face, exhibits that

14   kind of effort.

15         What is disappointing is your efforts have all been

16   directed at disregarding the Court's orders, coming up with one

17   excuse after another for failing to comply with the Court's

18   orders, and basically expecting that this Court give no

19   attention to the defendant's situation and devote total effort

20   to dealing with your ongoing excuses for not complying with the

21   Court's orders and the rules.

22         MS. JONES:  I have made a tremendous effort in every

23   filing and at every juncture to comply with the Court's rules

24   as I understood them.  Again, I am not an attorney, I am a pet

25   groomer.  I do pet rescue and pet sitting.  I have no legal

1   background, and I did not anticipate having to get a crash

2   course amounting to a juris doctorate in a matter of a couple

3   of weeks, essentially.

4           And at no point did I ever intend to disregard or

5   flaunt the Court's orders.  As a matter of fact, at the show

6   cause hearing, I thought that I understood them, and I

7   apologize to the Court if I misunderstood them.

8           Again, when I saw the first amended pretrial order, I

9   read exactly what it said and I misunderstood it, and I admit

10  fault that I did misunderstand the plain reading of what was in

11  front of me and that is my fault.

12          And therefore, as I said, I am throwing myself on the

13  mercy of the Court, at this point that I am unable to proceed

14  today because -- for all of the reasons, not that any one bears

15  particularly more weight than the other, but the sum total of

16  what I have been tasked to do in such a short period of time,

17  basically 21 days, and then Mr. Crown at the last minute drops

18  another motion on me, which I do believe -- I am beginning to

19  understand how this works.

20          THE COURT:  All right.  We are not wandering into

21  other subjects.  But my staff just reminded me that your

22  counsel moved to withdraw on October 30th, 2014, it was granted

23  on December 2, 2014, and according to my staff's review of the

24  record, you did not oppose the motion.

25          MS. JONES:  I didn't know I could oppose the motion.

UNITED STATES DISTRICT COURT

1          THE COURT:  All right.  I am going to hear the defense

2     lawyer now.  You may have a seat.

3          MR. CROWN:  Your Honor, you have been addressing these

4     issues with the plaintiff for some time.  The docket will show

5     repeated efforts on the plaintiff's part to continue to move

6     things, to continue to delay things, and this Court has given a

7     number of, what appears to be, second and third chances.

8          As we come into court on certain occasions and

9     repeated occasions, you have been crystal clear.  In fact, your

10    words have been asking both of us in court, like on the order

11    to show cause on March 12th, is it crystal clear?  And we both

12    acknowledge, yes, it is.  So you have been very, very clear.

13         On April 1st, we picked the trial date that, again,

14    both sides agreed to and said they would be ready for, and

15    there's been no waiving and nothing inconsistent or confusing

16    about your orders.  The fact that we are both here today ready

17    for trial shows that both sides are well aware that this is a

18    firm trial date.

19         As far as the length of time, again, all of this

20    really is in your discretion.  And we think that you have been

21    very, very generous in the opportunities you have given to

22    Ms. Jones.  You have been fair.  You have been reasonable.  And

23    we are ready for trial.

24         We ask you deny this motion, and let's begin picking a

25    jury trial.  You have set forth the procedures by which we are

1    going to proceed.  You have made it clear to both sides, and we

2    announce ready for trial, and we ask that you have the trial go

3    forward today.

4           THE COURT:  Thank you.  We will take a 10-minute

5    recess.

6           (Recess taken at 9:34 a.m. until 9:59 a.m.)

7           THE COURT:  Thank you.  Please be seated.

8           All right.  The Court has considered not only the

9    plaintiff's written motion to continue the trial date, that

10   being today, the day scheduled to start trial in front of a

11   jury, a jury pool, a jury panel having been summoned to be here

12   today.

13          And I won't attempt to by any means regurgitate the

14   history of this case, although I would make the comment with

15   regard to some of the points made by the plaintiff on the

16   record about the difficulties of living in Quartzsite and

17   trying a case in Phoenix, that the plaintiff chose the federal

18   district court sitting in Phoenix as the Court in which to

19   prosecute this claim.

20          I did go back and check the record and the docket and

21   note that as the Court previously said on the record,

22   plaintiff's counsel's motion to withdraw was granted by the

23   Court on December 2 of 2014, and as I mentioned earlier, was

24   not opposed by the plaintiff.

25          And then the very next day, December 3, the Court in

1    docket number 42 set the matter for the final pretrial

2    conference for April 1, 2015.  And so the plaintiff had all of

3    December, January, February, and March to seek counsel, and at

4    no time between the December 3 order setting the final pretrial

5    conference and the final pretrial conference, did plaintiff

6    seek more time in which to attempt to locate counsel, which is

7    not to suggest that at that point the Court would have been

8    sympathetic to those efforts, but certainly if efforts had been

9    forthcoming and a motion had been filed back in December, the

10   Court was otherwise satisfied demonstrated sincere efforts on

11   the part of the plaintiff, that would have at least been more

12   recepted by the Court, but anyway, there was no motion by the

13   plaintiff to seek more time.

14           MS. JONES:  Yes, there was, Your Honor.

15           THE COURT:  Please don't interrupt me.

16           And it is not uncommon that parties in civil actions

17   have difficulty finding counsel, both from the standpoint of

18   the terms on which counsel is willing to work and whether it is

19   a contingency basis or an hourly basis is one of the great

20   dilemmas in our system.

21           And if it is a contingency basis, oftentimes lawyers

22   are not willing to take the case because they don't see enough

23   of a chance of success to make it worth taking on a contingency

24   basis, and if it is on an hourly basis, so often a party cannot

25   afford to pay the hourly fee.  So one understands the dilemma

1    in finding counsel, but we cannot keep the system pending

2    forever waiting for somebody to find a lawyer.

3            In any event, the plaintiff's claim that she was

4    unaware of the trial date -- and that's the motion I am dealing

5    with right now, her claim that she was unaware of the trial

6    date until the Court issued its May 21, 2015 order is simply

7    not credible.

8            The May 26th trial date was agreed upon by the parties

9    at the final pretrial conference, as I noted a few minutes ago,

10   reading from the transcript.  And at the final pretrial

11   conference, the Court specifically noted that defendant's

12   preposed trial dates were not available on the Court's

13   calendar.

14           Also at the final pretrial conference, the Court made

15   clear that it adopted defendant's proposed final pretrial

16   order, which noted defendant's, quote, proposed trial dates,

17   end quote.

18           Thus, the inclusion of these proposed dates in the

19   final pretrial order cannot reasonably be construed to cancel

20   or continue the unambiguously agreed upon trial date --

21   unambiguously agreed upon trial date, which is a matter of

22   record.  I read it into the record a few minutes ago.

23           Incidentally, the Court's order of December -- the

24   Court's order of April 23, which is docket 66, does go -- goes

25   into considerable detail in reciting the history of this case

and the various excuses offered by the plaintiff from time to time for failing to comply with the Court's orders.

And I would also note, at that time, in that April 23 order, the Court had indicated that it would be doing a disservice to the plaintiff to grant her motion to voluntarily dismiss the case, and also noted the fact the plaintiff had twice refused to participate in drafting the joint proposed final pretrial order.

And in that order, the Court went on to say:  The Court warns plaintiff that her refusal to participate in the amendment of the final pretrial order as outlined below may result in her case being dismissed or going to trial with only herself as a witness on her behalf.

So the Court's first amended final pretrial order docket 70 did nothing more than add plaintiff's witnesses to the final pretrial order in accordance with the Court's April 23 order, the one I just alluded to.

Thus, the inclusion of defendant's initial proposed dates in the first amended final pretrial order, which were included in both the proposed final pretrial order and the final pretrial order, cannot be reasonably construed to cancel or continue the trial date.

I also note that on May 4th, 2015, the courtroom deputy clerk sent an email to the plaintiff that says: Attached are exhibit marking instructions, exhibit worksheet

1   and tags.  I have already prepared a witness list in the format

2   required for the trial based on your filing at docket 68.  It

3   is your responsibility to prepare exhibits, mark them

4   appropriately and provide to me the day of trial.  In addition,

5   you are responsible to prepare the exhibit list in the format

6   below and submit to me.  I need you to fill out the exhibit

7   number and brief description of the exhibit on the form.  You

8   should start numbering your exhibits at number 1 and so forth.

9   If you have any questions regarding marking exhibits, please

10   contact me.

11        And attached to that email is a civil exhibit list

12   form, the type of form we use here, which has an X in the box

13   next to jury trial.  It has the case number.  It has Judge

14   Teilborg on it, and it has the date of May 26th, 2015.

15        And incidentally, the order I have been referencing,

16   the document 66, parts of which I quoted from, this is the

17   order that -- this is the order that ultimately orders that by

18   May 1, 2015, plaintiffs shall file with the Court three lists

19   of witnesses.  One, witnesses who shall be called at trial by

20   plaintiff; two, witnesses who may be called at trial by

21   plaintiff; and three, witnesses who are unlikely to be called

22   at trial by plaintiff.  Plaintiff shall not list any witnesses

23   other than herself and those disclosed in her initial

24   disclosure statement at docket 65.  Plaintiff will not be

25   allowed to call any witness at trial not included in these

1   lists.

2          So that was the order that recognized that her

3   attorney had made some earlier disclosures, and the Court in

4   its effort to try to be fair to the plaintiff, permitted those

5   to be listed.  And the point of this is that order went out

6   April 23 of 2015.

7          I note as came out this morning, that plaintiff,

8   notwithstanding her ability to invoke the Court's efforts in

9   some respects, totally ignored the ability to cause subpoenas

10  to be issued for her witnesses.  So given the procedural

11  history in this case and plaintiff's documented history of

12  ignoring orders and deadlines, the Court finds incredible

13  plaintiff's claim that she was unaware of the trial date until

14  the Court issued its May 21, 2015 order.

15         I would also note that a vast percentage of the

16  Court's time in this matter has been dealing with the various

17  issues of perceived fairness to the plaintiff, or claims by the

18  plaintiff that the Court needs to do more and more to

19  accommodate her.

20         At some point, the other side is entitled to fairness

21  from the Court, and obviously the defendant has relied on this

22  date for trial and presumably has witnesses ready to go and

23  prepared for trial on this date, and obviously it is the duty

24  of the Court to be fair to both parties.

25         So based on those reasons and the reasons that appear

1    in this docket, the plaintiff's motion to continue the trial is

2    denied.

3            Now, in my order of 22, May, I note that:  Plaintiff

4    called the Court's chambers Friday, May 22, quote, indicating

5    she intended to file a motion to continue the trial, which is

6    scheduled to begin on the next business day, Tuesday, May 26th,

7    2015.  The Court hereby notifies plaintiff that trial will

8    begin Tuesday morning as scheduled, and plaintiff is ordered to

9    appear.  If plaintiff files a motion to continue, the Court

10   will not rule on it before Tuesday, May 26th.  Plaintiff must

11   be prepared to proceed to trial in the event the Court denies

12   the motion.  If plaintiff fails to appear or if the Court

13   denies the motion to continue and plaintiff is not prepared to

14   proceed to trial at that time, her case will be dismissed for

15   failure to prosecute pursuant to Federal Rule of Civil

16   Procedure 41(b), which brings us to the point then, Ms. Jones,

17   are you prepared to go forward with trial today?

18           MS. JONES:  No, Your Honor.  I am prepared to go home

19   and take care of my animals.

20           THE COURT:  Well, then, in considering a motion to

21   dismiss for -- in considering dismissal for failure to

22   prosecute, the Court is obligated to consider five factors, one

23   of which is the public's interest in expeditious resolution of

24   litigation and that interest, particularly in a case this old

25   with this many twists and turns in the litigation process, tips

**UNITED STATES DISTRICT COURT**

1   in favor of dismissal.

2           Number two, the Court's need to manage its docket.

3   And, again, the amount of judicial resources expended by the

4   Court thus far in managing this case is certainly indicative of

5   the challenges faced by a Court in managing its docket and

6   making available finite precious judicial resources to the

7   many, many litigants seeking to avail themselves of those

8   resources, and the idea of continuing a trial in which we have

9   inconvenienced and summoned prospective jurors from within the

10  division, so potentially we have -- I haven't seen the list

11  yet, but potentially we have jurors who have come from reaches

12  farther than Quartzsite to be here and available to try this

13  case.

14          To reset this case for trial and reimpose upon other

15  citizens to be here for trial, I think, simply underscores what

16  happens when the Court does not manage its docket.  And given,

17  again, the extent to which this Court has bent over backwards

18  to be sensitive to the plaintiff's needs and to hear the

19  various excuses and where possible to try to accommodate those,

20  all point to the need to dismiss this matter for lack of

21  prosecution.

22          The third factor is the risk of prejudice to the

23  defendants.  And with time passage, memories grow weak,

24  witnesses are difficult to find.  Indeed, the plaintiff

25  recounted her own difficulties in trying to locate witnesses.

Unfortunately, she made no effort to try to subpoena those whom she did contact.  But that's a problem that affects both sides, and in this case, there's a clear risk to a defendant who has to postpone -- or defendants who have to postpone trial and run the risk of memories dimming and witnesses being unavailable.

The fourth one is the public policy favoring disposition of cases on their merits, and certainly that is a factor that typically weighs in favor of not dismissing a case. But, again, given the history of this case, much of which has been recited on the record today, the rest of which appears in the docket, that factor must give way to the other factors that call for dismissal.

And finally, the availability of less drastic sanctions.  The Court has previously warned plaintiff of the sanction of dismissal for her many failures to comply with the Court's orders and the Court's requirements, and to avail the Court of a less drastic sanction, i.e., of rescheduling this case for trial at a later date, simply invites the same litany of failures and excuses on the part of the plaintiff and invites the imposition on defendant of the incursion of more attorney's fees and dealing with managing his practice.  But also keeps his clients in a case of wondering what's going to happen and when will it finally happen.

And some people may think that getting sued is just an every day occurrence.  But when you have been sued, and it

1    doesn't matter by whom you have been sued and it doesn't matter

2    how strong or weak the claim is, that is, for some, a nightmare

3    and for others it is something they wake up with every single

4    day about the lawsuit against me that may have consequences to

5    my family.  We may lose what we own.  It may reflect

6    unfavorably.

7            And indeed the mere pendency of a lawsuit, fair or

8    unfair as it may be, a mere pendency of a lawsuit against

9    somebody in certain types of employment causes employers to

10   wonder about what the outcome is going to be.

11           So it is a terrible situation to be a defendant in a

12   lawsuit that goes on forever and ever.

13           So the -- whether or not there's a less drastic

14   sanction, it may be less drastic to the plaintiff, but to

15   continue this case will be of increasing drastic consequences

16   to the defendants.  So for those reasons, the Court orders that

17   this matter be dismissed without prejudice for lack of

18   prosecution.

19           We are in recess.

20           MR. CROWN:  Your Honor, may I?

21           MS. JONES:  Thank you, Your Honor.

22           MR. CROWN:  May I briefly address the Court?

23           THE COURT:  You may.

24           MR. CROWN:  You just indicated it's without prejudice,

25   and we would actually request, in light of the very strong

1    record that you have made, that it be deemed with prejudice.

2    Under Rule 41(b) of the Federal Rules of Civil Procedure, it

3    says that a dismissal under this rule should operate as an

4    adjudication of the merits.

5           And one of the things that we had made when the

6    plaintiff, after we had our final pretrial conference, the

7    plaintiff actually made a motion to dismiss, we objected to it.

8    We said, it should either be a dismissal with prejudice, or in

9    the alternative, proceed to trial.

10          And that was basically the pleading she filed on April

11   1st.  Here we are May 26th.  So one of the things we urge the

12   Court was, although we think the statute of limitations likely

13   ran, I wouldn't want to be facing some rebirth of this case in

14   front of a different judge on some other aspect, and, also, I

15   wouldn't want this dismissal to be something other than an

16   adjudication on the merits, because candidly, we are ready to

17   deal with the First Amendment issue that was left here today.

18          So I would be asking this Court to make a very clear

19   record so that this case and this claim is never even raised in

20   front of any other judge.  We would ask that it be deemed an

21   adjudication on the merits.

22          THE COURT:  All right.  And I -- your points are well

23   taken, and I apologize for not giving you a chance to comment

24   on that before speaking.  I will give the plaintiff a brief

25   chance to respond to the request that it be dismissed with

1    prejudice.

2            MS. JONES:  Thank you, Your Honor.

3            For all of the reasons that I summarized in my motion

4    to dismiss without prejudice, if a dismissal with prejudice is

5    as stated, an adjudication of the merits of the case, I do not

6    believe that that is warranted because the merits of the case

7    have not been tried.

8            Moreover, there is a separate case in which parties to

9    that case have referenced actions in this case and a dismissal

10   with prejudice would affect the conspiracy section of that case

11   and would possibly prejudice the plaintiff in that case due to

12   res judicata.

13           I believe that a dismissal without prejudice is

14   warranted, perhaps the statute of limitations has ran out.

15   That was my request.  I felt that that request of the Court was

16   made in good faith and for good reason.

17           And for that reason, I would request that the

18   dismissal be without prejudice so that all aspects of all of

19   the claims and issues between myself and the defendants be

20   tried, and that the judge in that case be allowed to make that

21   determination as to whether or not those issues of that case

22   are admissible.  Thank you.

23           THE COURT:  All right.  The Court will vacate that

24   portion of its earlier order dismissing this case without

25   prejudice, and it is ordered dismissing this case with

1    prejudice, and I would simply say that the reasons outlined by

2    the Court, if there are any reasons that would be compelling

3    enough to dismiss a case with prejudice, those are the reasons

4    and it is accordingly dismissed with prejudice.

5            MR. CROWN:  Thank you, Your Honor.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          **C E R T I F I C A T E**

2

3              I, ELVA CRUZ-LAUER, do hereby certify that I am duly

4     appointed and qualified to act as Official Court Reporter for

5     the United States District Court for the District of Arizona.

6              I FURTHER CERTIFY that the foregoing pages constitute

7     a full, true, and accurate transcript of all of that portion of

8     the proceedings contained herein, had in the above-entitled

9     cause on the date specified therein, and that said transcript

10    was prepared under my direction and control.

11             DATED at Phoenix, Arizona, this 15th day of June,

12    2015.

13

14                                    s/Elva Cruz-Lauer
                                      Elva Cruz-Lauer, RMR, CRR
15

16

17

18

19

20

21

22

23

24

25